In the Matter of the ESTATE of Dorothy (Dora) THOMPSON, an Incompetent.

Rose F. McMULLEN, Appellant,

v.

Thomas B. STROUD, guardian for Dorothy (Dora) Thompson, Respondent.

No. KCD 28002.

Missouri Court of Appeals, Kansas City District.

July 6, 1976.

Motion for Rehearing and/or Transfer Denied Aug. 2, 1976.

Application to Transfer Denied Sept. 13, 1976.

Scott O. Wright, Brown, Wright, Willbrand & Simon, Columbia, for appellant.

Clifford A. Falzone, Falzone & Schirmer, Moberly, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

TURNAGE, Presiding Judge.

This case involves the right of a guardian to withdraw funds belonging to his ward, deposited in a joint savings account, without an order of the probate court. The trial court held the guardian had such right, and this court affirms.

Dorothy Thompson and her husband originally established a joint savings account with Boone National Savings & Loan Association. The husband died, and thereafter Dorothy (Dora) Thompson opened a joint account with the same Association in her name and Rose F. McMullen. The signa-

ture card stated the account was held by Thompson and McMullen as joint tenants with right of survivorship and not as tenants in common and not as tenants by the entirety. The parties agree the money for this account came from Thompson, and McMullen was not present when her name was added, nor did she have any knowledge of this event. The card signed by Thompson with the Association specified "other signature not required." This apparently meant the signature of McMullen was not required for the withdrawal of any funds.

After Thompson added McMullen's name to this account, Thompson was declared incompetent, and Thomas B. Stroud was appointed as her guardian. Subsequent to his appointment, Stroud went to Boone National Savings & Loan and withdrew the entire amount of the account which was in the joint names of Thompson and McMullen in the amount of $18,500. Stroud opened another account in the same Association in his name, as guardian for Thompson, with the $18,500.

After the death of Thompson, while she was still under the guardianship of Stroud, McMullen filed this action in the nature of a declaratory judgment seeking a declaration of the title and right to possession of the $18,500.

The foundation of McMullen's claim is her assertion that Stroud, as guardian, had no right to withdraw the funds from the joint account standing in the names of Thompson and McMullen without an order of the probate court. She claimed Stroud could have exercised the duties imposed upon him by Section 475.130, RSMo 1969, to take possession of his ward's property by merely taking possession of the passbook evidencing title to the savings account in question. She further argues the title to the ward's property did not vest in the guardian, but remained in the ward.

As an extension of this position, McMullen urges that Thompson expressed an intent by establishing the joint account that the title to the funds in such account would pass to McMullen on the death of Thompson, and by withdrawing the funds from this joint account, the guardian destroyed this "testamentary" intent as effectively as if he had destroyed Thompson's will. McMullen does not cite any authority for her position which is directly in point, nor has this court in its independent research discovered any such case. However, Section 369.174, RSMo Supp. 1973 seems to answer McMullen's argument. That Section provides in part:

"1. When a savings account is opened or maintained in an association in the names of two or more persons, whether minor or adults, as joint tenants or in form to be paid to any of them or the survivors of them and whether or not the names are stated in the conjunctive or the disjunctive or otherwise, the savings account and all additions thereto shall be the property of such persons as joint tenants. The moneys in the account and all earnings on the account may be paid to any one of such persons during his lifetime or to any one of the survivors of them after the death of any one or more of them.

"3. The adjudication of incompetency of any one or more of the joint tenants shall not operate to sever or terminate the joint tenancy ownership of all or any part of the account and the account may be withdrawn or pledged by any one or more of the joint owners in the same manner as though the adjudication of incompetency had not been made except that any withdrawal or pledge on behalf of the incompetent joint owner shall be by his guardian."

Under the plain provisions of this Statute, when one of the joint tenants becomes incompetent, the joint tenancy is not terminated and the account may be withdrawn by any one or more of the joint

owners just as though the adjudication of incompetency had not occurred. The Statute then gives the guardian the unconditioned and unlimited power to withdraw or pledge the account on behalf of the incompetent. There is no requirement that the guardian obtain any approval from the probate court, nor is there any limitation on the power of the guardian to make any withdrawal. Of course, the funds withdrawn still belong to the ward and the guardian must account for them. However, as between the guardian and other joint owners in any account, this Statute gives the guardian the complete right to withdraw the funds the same as the ward could have done had the declaration of incompetency never occurred.

Prior to her being declared incompetent, Thompson could have withdrawn the entire amount in this joint account without any consent on the part of McMullen and could thereby have extinguished all of McMullen's right in this account. *Carroll v. Hahn*, 498 S.W.2d 602 (Mo.App.1973). In *Carroll* the court held the joint tenant who had deposited the funds in the joint account had the right to withdraw the funds and to open a new account in joint names with others than those who were on the first account. Thus, Thompson had such right in this case prior to her becoming incompetent.

Section 369.174 simply gives the guardian the same power over a joint tenant's interest in a joint account which the joint tenant possessed prior to any incompetency. That being the case, Stroud, as guardian, had the right to withdraw the funds in the joint account standing in the names of Thompson and McMullen and deposit such funds in a new account, and thereby extinguish all rights which McMullen had as a joint tenant in the joint account.

Judgment affirmed.

All concur.