Mickey **KIMBERLIN**,
**Plaintiff-Respondent,**

v.

**C.M. BROWN AND ASSOCIATES, INC., Defendant-Appellant.**

No. 50527.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 18, 1986.

Motion for Rehearing and/or Transfer
Denied Jan. 6, 1987.

Anthony Steven Bruning, St. Louis, for defendant-appellant.

Bruce D. Livingston, St. Louis, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendant appeals from a judgment of $12,638.65 against it based upon the verdict of a jury. We affirm.

Plaintiff was employed by defendant as an account representative in defendant's

insurance brokerage business. The contract for employment was oral and was for two years. Plaintiff was to receive a salary and commissions. Plaintiff testified the commissions were to be for all business obtained by him whether new or renewal. Defendant contended the commissions were for new business only. For the first year plaintiff was paid commissions on all business. Near the end of the second year plaintiff was terminated and he brought suit to recover the commissions due him. Both parties were in agreement that commissions due were to be reduced by any overdue accounts.

■ The first two points raised by defendant invoke the applicability of the Statute of Frauds to this oral contract. Sec. 432.010 RSMo 1978. Unlike the cases relied upon by defendant, plaintiff did not here seek to recover on an executory contract. He sought only to recover compensation for fully performed work. In that situation the Statute of Frauds has no application. *Wills v. Alcorn*, 636 S.W.2d 142 (Mo.App.1982) [6–8]; *Holt v. Story*, 642 S.W.2d 394 (Mo.App.1982) [7, 8].

■ Defendant next contends that plaintiff failed to make a submissible case because he failed to establish that his accounts were current. Defendant contends this is a condition precedent to plaintiff's recovery. It is not. Overdue accounts, under the oral agreement, served to reduce the amount of commissions due, not to preclude entirely the receipt of commissions. Such accounts, if established, would reduce, or if sufficient, eliminate plaintiff's recovery. At most, the overdue account provision was a condition subsequent to plaintiff's recovery of commissions. The burden of proof of such accounts is upon defendant. *McNeal v. Manchester Insurance & Indemnity Company*, 540 S.W.2d 113 (Mo.App.1976) [2–9]. Defendant's only evidence was that on the date of plaintiff's termination, money was owed on some of his accounts, a not surprising revelation. There was no evidence that any accounts remained unpaid thereafter or at the time of trial.

Defendant next challenges plaintiff's verdict directing instruction on the basis that it failed to hypothesize the dispute between the parties over renewal commissions and failed to hypothesize the overdue account provision of the contract. It is questionable that the instruction did not include the "renewal" issue. But it is very clear that defendant's converse instruction directly addressed that issue. Defendant sustained no prejudice.

As we have previously stated the overdue account issue was not an element of plaintiff's case and was not a necessary part of the verdict director.

■ Finally, defendant challenges the admission into evidence of certain exhibits. The basic document, Exhibit 3, was a group of computer printouts consisting of summaries of invoices for business generated during the second year of plaintiff's employment. These "producer statements" were prepared by a computer company employed by defendant and were given to the employees monthly as a record of business generated and commissions earned. The remaining exhibits challenged were summaries prepared from the "producer statements." Defendant contends all the exhibits are hearsay. Exhibit 3 was clearly a business record under Sec. 490.680 RSMo 1978. We find it incongruous for defendant to contend that materials prepared by its agent at its request from its records for use by its employees as a monthly record of their productivity and earnings lack sufficient credibility to be admitted into evidence. In addition, these are defendant's records and were admissible as admissions. The remaining exhibits are summaries of an admissible document and are admissible on that basis.

Judgment affirmed.

DOWD and REINHARD, JJ., concur.