**Cordia McADAMS, Plaintiff–Appellant,**

v.

**William B. LANKFORD and Marie Lankford,
Defendants–Respondents.**

**No. 15381.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 10, 1988.

Bob House, Ava, for plaintiff-appellant.

No appearance, for defendants-respondents.

PREWITT, Presiding Judge.

Plaintiff sought to quiet title to real property which she claimed by adverse possession. Following nonjury trial the trial court found that she had failed to meet her burden to establish ownership of the land by adverse possession and entered judgment denying her claim. Plaintiff appeals.

The property adjoins Highway 95 in Wright County north of Mountain Grove. It is not included in the description of the deed whereby plaintiff acquired a tract immediately to its north. It is included within the legal description of the deed by which defendants acquired the property. Plaintiff contends that she had acquired title to it by adverse possession while it was owned by defendants' predecessors.

The size of the tract in dispute is unclear. According to the "legal description" of the property its north and south lines are both five rods (82.5 feet). The south line follows Highway 95 which according to exhibits does not run in a true east-west line along the land. Dimensions of the east and west lines of the tract are not given but from exhibits those lines appear shorter than the north and south lines.

Plaintiff purchased a house on a tract adjoining the disputed property on the north in June of 1972. She testified that she understood she was also purchasing the disputed portion. She said that when she moved on the property in 1972 she tried to remove a stump on the disputed property but was unsuccessful. She said that in the spring of 1973 she fertilized and plowed that property and put a garden in. She testified that she continued to put a garden there every year through 1982. Plaintiff's son testified that in 1972 he picked rocks in the disputed portion, and "took the stump out that was on the west end". He said he assisted her in starting a garden there in 1973. He testified that she kept a garden there "through '83". After 1983 plaintiff lived with her son but still owns the property just north of the disputed tract.

Plaintiff contends that the trial court's judgment was erroneous because there was no substantial evidence to support it, it was against the weight of the evidence, and it erroneously applied the law. Primarily relying upon *City of South Greenfield v. Cagle*, 591 S.W.2d 156 (Mo.App.1979), plaintiff tells us that "here, as in *City of South Greenfield*, the actions of Appellant have established all the necessities of adverse possession."

*Cagle* does not call for a reversal of the judgment here. There, the relevant evidence was undisputed. See 591 S.W.2d at 159. The period of plaintiff's use of the property here was disputed.

Wilma Casey, the daughter of the previous record holders of the disputed property, testified that her father had a garden there "for two or three years after she [plaintiff] bought that [adjoining] land." Casey said that "they", apparently referring to plaintiff and her son, removed the stump on the land after her father stopped

gardening there. Casey testified that when plaintiff first moved on the adjoining premises she put in a garden on the north side of her house. On cross-examination plaintiff said that she had a garden on the north side of her house in 1974. Whether that was the only garden she put out that year is not clear.

Plaintiff said that she worked on the property in 1972 and used the property for a garden from 1973 through 1982. Her son's testimony added 1983 to her use as a garden. However, Wilma Casey said plaintiff did not start using the premises for two or three years after she purchased the adjoining premises. If true, this could leave plaintiff short of the ten year minimum time necessary to establish adverse possession. See § 516.010, RSMo 1978; *Cagle*, 591 S.W.2d at ·160.

█ Giving due regard to the opportunity of the trial judge to determine the credibility of witnesses, *Kramer v. Leineweber*, 642 S.W.2d 364, 366 (Mo.App.1982), it cannot be said that there was no substantial evidence to support the trial court's judgment or that it is against the weight of the evidence. If the trial judge did not fully believe plaintiff's evidence as to the time and extent of her use, or believed Wilma Casey, the law was correctly applied. As no findings of fact were requested or made, all fact issues are considered as having been found in accordance with the result reached. Rule 73.01(a)(2). *In re Marriage of Davault*, 636 S.W.2d 422, 424 (Mo.App.1982).

Plaintiff's remaining contentions concern testimony which she says the trial court erroneously allowed. This testimony was by Wilma Casey regarding her "understanding" of an ·agreement between plaintiff and Wilma Casey's father regarding plaintiff's use of the land as a garden, and testimony of a woman who leased the premises from plaintiff after plaintiff no longer resided there as to what a realtor told her regarding the boundaries of plaintiff's land. Even if this testimony was erroneously admitted, a question we need not decide, no change in the result is called for here.

█ The admission of improper evidence is not ordinarily a ground for reversal in a nonjury case, at least where it does not appear to have played a critical role in the court's decision. *In re Interest of A.R.S.*, 609 S.W.2d 490, 491 (Mo.App.1980). On appeal the primary concern is with the correctness of the trial court's decision and not the route by which it was reached. *Kramer v. Leineweber*, supra 642 S.W.2d at 369.

█ A certain latitude in the admission of evidence is allowed in nonjury cases and even when an error is made in the admission of some evidence, except where the trial court relied on that evidence in arriving at its finding, such error is ordinarily held to be nonprejudicial. *State v. Hodge*, 655 S.W.2d 738, 743 (Mo.App.1983). There is no indication in the record that the evidence questioned here was critical and it appears to us that it was not.

The judgment is affirmed.

HOGAN, FLANIGAN and MAUS, JJ., concur.