**Dale and Lena McDANIEL, Plaintiffs–Respondents,**

v.

**GRADY BROTHERS, INC., Defendant–Appellant.**

**No. 15620.**

Missouri Court of Appeals, Southern District, Division Two.

Jan. 31, 1989.

---

1. Petitioner's motion for damages for frivolous appeal is denied.

Thomas E. Klinginsmith, Carthage, for plaintiffs-respondents.

Thomas L. Williams, Joplin, for defendant-appellant.

PREWITT, Judge.

Defendant appeals from a judgment entered following nonjury trial. Plaintiff's petition was in three counts, Count I seeking an injunction to prevent a foreclosure of their home, Count II seeking damages for fraud, and Count III seeking damages for breach of contract. Defendant answered, generally denying the allegations of the petition, and counterclaimed for damages for breach of contract and for foreclosure of a deed of trust.

This dispute arose out of an agreement for defendants to install vinyl siding on plaintiff's residence. The trial court found that defendant failed to perform the contract by not properly installing the siding. It found that plaintiffs' house "was not reduced in value by the work done by Defendants [sic] but said work did improve Plaintiffs' home in the amount paid to Defendants [sic] by Plaintiffs, that is Eighteen Hundred and 00/100 Dollars ($1,800.00)." The judgment was in favor of plaintiffs on Count I of plaintiffs' petition, permanently enjoining defendant from proceeding with the attempted foreclosure on plaintiffs' residence, and in favor of defendant on Counts II and III of plaintiffs' petition. The judgment was in favor of plaintiffs on both counts of defendant's counterclaim.

Defendant presents two points relied on, contending (1) that the trial court applied an incorrect measure of damages and (2) that the trial court erred in failing to grant defendant an award of monetary damages. Plaintiffs paid defendant $1,800, apparently the amount the trial court found that defendant was entitled to receive for the work done under the contract.

Plaintiffs presented evidence that because the siding was improperly installed their property was reduced in value $3,000 to $3,300. Defendant's evidence indicated that the siding was properly installed, and any repairs necessary to it could be made for approximately $25.00. If believed, defendant's evidence would appear to entitle defendant to receive $7,117.60, the contract amount, less $25.00.

■ The record does not reveal how the trial court found that defendant should receive $1,800 for its work. No findings of fact or conclusions of law were asked for or made. It may be that the trial court thought that the parties should be left as they were, but that does not establish that the result was wrong as the amount determined was within the range of the evidence. We cannot find that the trial court erred absent the record establishing an error and it does not.

■ If an award of damages is within the range of the evidence, a jury's verdict or a court's judgment is not erroneous although it does not find an amount precisely in accordance with the evidence of either of the parties. *Cotner v. Blinne,* 623 S.W.2d 615, 620 (Mo.App.1981); *Miller v. Johnston,* 324 S.W.2d 140, 144 (Mo.App.1959). See also *Rust & Martin, Inc. v. Ashby,* 671 S.W.2d 4, 6 (Mo.App.1984); *Arkansas–Missouri Power Co. v. Haines,* 592 S.W.2d 883, 885–886 (Mo.App.1980).

■ In the "points relied on" in its reply brief defendant states in point one that the trial court erred in entering judgment against it and in failing to award it damages because "a judgment failing to apply a correct measure of damages for breach of contract failed to respond to the pleadings and evidence." This is an additional

contention not made in defendant's initial brief. A claim of error first set forth in a reply brief has not been preserved for appellate review. *Application of Gilbert,* 563 S.W.2d 768, 771 (Mo. banc 1978); *Lytle v. Page,* 591 S.W.2d 421, 426 (Mo.App. 1979).

The judgment is affirmed.

FLANIGAN, P.J., and HOGAN, J., concur.