Twila YATES

and

State of Missouri, Department of Social
Services, Appellant,

v.

Louis YATES, Respondent.

No. 16138.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 28, 1989.

Janet Garrett, Springfield, for appellant.

Robert R. Parrish, Joplin, for respondent.

PREWITT, Judge.

Appellant, as an assignee of Twila Yates, seeks to recover child support from respondent, her former husband. Following nonjury trial the trial court awarded appellant $1,500. Appellant contends on appeal that more is owed and the determination that it was entitled to $1,500 was against the weight of the evidence. It also claims that the trial court erred in admitting two documents into evidence. They were letters from appellant to respondent regarding the interception of his state income tax refund.

We are met initially by respondent's motion to strike appellant's brief, dismiss the appeal, and grant him attorney fees and an additional motion filed by respondent to dismiss the appeal for failure to comply with Rule 84.04(c) and (d). Those motions are denied.

■ Concerning appellant's first point, this court should exercise the power to set aside a judgment on the ground that it is against the weight of the evidence with caution and only when we have a firm belief that the judgment is wrong. *Ryan v. Tinker*, 744 S.W.2d 502, 503 (Mo.App. 1988). Credibility of witnesses is generally a question for the trial court. *Id.*

■ Twila Yates received Aid to Families with Dependant Children benefits through appellant. Apparently she received those benefits for some period prior to 1977 and until July 31, 1981. Appellant contends that due to this and the assignment to it respondent owes it "no less than $8,031.40."

Upon review of the record we are not left with a firm belief that the judgment was wrong. The trial court had a difficult task and we cannot say that the judgment was erroneous. On the evidence presented, somewhat confused by the documents sent to respondent by the state, a calculation is possible that respondent only owes $24.42. "Generally, if a determination of an amount due is within the range of the evidence, that determination is not erroneous although it is not precisely in accordance with the evidence of either of the parties." *Robinson v. Estate of Robinson,*

768 S.W.2d 676, 677 (Mo.App.1989). See also *McDaniel v. Grady Brothers, Inc.*, 764 S.W.2d 177, 178 (Mo.App.1989).

Appellant's contention regarding the admissibility of the exhibits entitles it to no relief. Even if inadmissible there is no indication that the trial court relied extensively on them and there was other evidence to support its finding.

"The admission of improper evidence is not ordinarily a ground for reversal in a nonjury case, at least where it does not appear to have played a critical role in the court's decision." *McAdams v. Lankford*, 751 S.W.2d 816, 818 (Mo.App.1988). Latitude in the admission of evidence is allowed in such cases and even when an error is made, except where the trial court relied on it in arriving at its finding, such error is ordinarily held to be nonprejudicial. *Id.* See also *In Interest of J.A.J.*, 652 S.W.2d 745, 749 (Mo.App.1983) (in a nonjury case reversible error by the erroneous admission of evidence requires an absence of competent evidence supporting the judgment).

The judgment is affirmed.

HOGAN and MAUS, JJ., concur.