**In re ESTATE OF Alma M. HOPKINS, deceased, Petitioner–Respondent,**

v.

**ESTATE OF Alvester J. HOPKINS, deceased, Respondent–Appellant.**

**No. 18565.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 27, 1993.

---

Joseph P. Rice, III, Richey, Rice, Spaeth, Heisserer and Summers, Cape Girardeau, for respondent-appellant.

Mary Eftink Boner, Buerkle, Beeson & Ludwig, Jackson, and Gary A. Kamp, Marble Hill, for petitioner-respondent.

FLANIGAN, Judge.

This is a proceeding for discovery of assets, § 473.340,[1] instituted by a verified petition filed in the Probate Division of the Circuit Court of Bollinger County, in the Estate of Alma M. Hopkins, deceased. Petitioner is the administratrix de bonis non of that estate.

Named as respondent in the petition was the Estate of Alvester J. Hopkins, deceased. Alvester J. Hopkins and Alma M. Hopkins were husband and wife. Alvester J. Hopkins

died May 11, 1990. Alma M. Hopkins died May 29, 1990.

At issue in the proceeding was entitlement to two certificates of deposit. The trial court, after an evidentiary hearing, awarded both certificates, or the monies then represented by them, to petitioner. The Estate of Alvester J. Hopkins, through its personal representatives, appeals.

On this appeal, the Estate of Alvester Hopkins contends that the trial court erred in receiving into evidence petitioner's Exhibits 2, 3, and 4, which were introduced through the testimony of Rhonda Wallis, an employee of Capital Bank. Capital Bank was the successor of First Federal Savings & Loan Association, which had issued the two certificates. Alvester's estate further contends that the evidence was insufficient to support the judgment in that (a) "any existing joint tenancies had been severed by the acts of Verdetta Hahs," and the severance was a power granted her under Alvester's Durable Power of Attorney; and (b) there was no showing that the two certificates "were jointly titled at the time of Alvester J. Hopkins' death." The final contention of Alvester's estate is that the trial court erred in refusing to admit its Exhibit A and Exhibit B.

The trial court's findings of fact included the matters set forth in the following four paragraphs:

1. Alvester Hopkins married twice. His first wife was Alma Schrock Hopkins, who died January 7, 1977. Alvester's second wife was Alma M. Hopkins, whom he married on December 19, 1979. Alma M. Hopkins outlived Alvester by 18 days.

2. CD No. 371182, "the first certificate," was purchased on December 31, 1980, from First Federal Savings & Loan Association and "was titled in the name of Alvester Hopkins and Alma Hopkins"; CD 416532, "the second certificate," was purchased on November 10, 1981, from First Federal Savings & Loan Association and "was titled in the

---

1. All references to statutes are to RSMo 1986, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

name of Alvester Hopkins or Alma M. Hopkins"; both certificates "were titled as joint tenants with right of survivorship"; both certificates were purchased and titled after the death of Alma Schrock Hopkins and after the marriage of Alvester Hopkins to Alma M. Hopkins; First Federal Savings & Loan Association, which is no longer in existence, was purchased in part by Capital Bank of Cape Girardeau County on May 18, 1990.

3. In early May 1990, prior to the death of Alvester Hopkins, Verdetta Hahs, "under authority of a durable power of attorney granted to her by Alvester Hopkins," transferred the first certificate "to Alvester Hopkins and Jeanna M. Liley;" in early May 1990, prior to the death of Alvester Hopkins, Verdetta Hahs transferred the second certificate to a checking account in the name of Alvester Hopkins and Verdetta Hahs.

4. On September 16, 1991, in Case No. CV190–42CC, the Circuit Court of Bollinger County set aside the above transfers and "as result of that order the ownership interest in said certificates reverted back to the form in which the certificates were titled prior to said transfers"; on November 25, 1991, Verdetta Hahs transferred the first certificate, plus accrued interest, to the Estate of Alvester Hopkins; also on November 25, 1991, Verdetta Hahs paid the proceeds from the second certificate to the Estate of Alvester Hopkins.

In its conclusions of law, the trial court made the following findings with respect to the first certificate:

The certificate was purchased at First Federal Savings & Loan Association in the name of Alvester Hopkins and Alma Hopkins and was held as joint tenants with right of survivorship in Alvester and Alma M. Hopkins; "since Alvester Hopkins predeceased Alma M. Hopkins, all interest in said certificate is the sole, separate, and absolute property of the Estate of Alma M. Hopkins, free of any claim of the Estate of Alvester J. Hopkins."

With respect to the second certificate, the trial court made the same findings, except that the certificate was purchased "in the name of Alvester Hopkins and Alma M. Hopkins."

The court ordered the personal representatives of the Estate of Alvester Hopkins to turn over the first certificate, and accrued interest, and the proceeds of the second certificate, to the administratrix of the Estate of Alma M. Hopkins.

The petition alleged, and the answer of Alvester's estate admitted, that in Case No. CV190–42CC, in which the Estate of Alvester was plaintiff and Verdetta Hahs was a defendant, an order was entered on September 16, 1991, requiring Verdetta Hahs to pay over to the Estate of Alvester Hopkins the proceeds of the first certificate, held at Capital Bank, and the second certificate, held at First Federal Savings & Loan Association.

The fourth paragraph of the petition alleged: "4. The order [of September 16, 1991, in Case CV190–42CC] stated that Verdetta Hahs had exceeded her authority under the Durable Power of Attorney under which she was operating when she transferred [the first certificate] from the name of Alvester Hopkins and Alma Hopkins, as joint tenants with rights of survivorship, to the name of Alvester Hopkins and Jeanna M. Liley as joint tenants with rights of survivorship; the court found that Verdetta Hahs had also exceeded her authority under the Durable Power of Attorney under which she operated in changing [the second certificate] held in the name of Alvester Hopkins and Alma M. Hopkins into a checking account in the names of Alvester Hopkins and Verdetta Hahs, as joint tenants with rights of survivorship."

The answer of the Estate of Alvester Hopkins admitted the allegations of paragraph 4 of the petition, "with the exception of the statement that [the second certificate] was held in the name of Alvester Hopkins and Alma M. Hopkins. Respondent denies that there was any middle initial on [the second certificate]." This portion of the answer, and the allegations to which it was responsive, were offered by petitioner and received in evidence.

The answer also included the following statement: "It is the belief of the respondent

that the joint accounts referred to in the petition for discovery of assets were jointly held by Alvester Hopkins and his first wife, and that as a result of her death those funds passed to his estate by virtue of joint tenancy."

At the nonjury trial, petitioner presented two witnesses, Verdetta Hahs and Rhonda Wallis. The testimony of Verdetta Hahs, which contained some of the matters previously set forth, included the following: The first certificate and the second certificate were in my physical possession when I transferred them in May 1990; that transfer was made the first week in May and before Alvester's death; I no longer have them; I relinquished possession of them to First Federal Bank (sic); the names which appeared on the first certificate were Alvester Hopkins and Alma Hopkins; the names which appeared on the second certificate were Alvester Hopkins and Alma M. Hopkins; pursuant to the order of September 16, 1991, in Case CV190–42CC, I paid the proceeds of both certificates over to the Estate of Alvester Hopkins.

Rhonda Wallis testified: I am vice president and assistant cashier at Capital Bank in Cape Girardeau; I was subpoenaed to bring documentation concerning the first certificate and the second certificate; I have brought that documentation; both certificates originated at First Federal Savings & Loan Association; Capital Bank purchased First Federal Savings & Loan Association on May 18, 1990; Resolution Trust Corporation was in control up until that time; when Capital Bank purchased First Federal, it also purchased their documentation and their computer information; I have no reason to believe that their computer information would have been inaccurate, "everything balanced"; with regard to the certificates, we found some histories of accounts, copies of statements, and some signature cards; I did not find the actual certificates.

Rhonda Wallis further testified: From the records I have found, I located information concerning the two certificates; my documentation is from the files of Capital Bank; the top portion of Exhibit 2 pertains to the second certificate, and the bottom portion of Exhibit 2 pertains to the first certificate; this information came from Financial Institution Trust Corporation which did computer work for First Federal Savings & Loan Association; Exhibit 2 contains a handwritten notation, by an employee of Capital Bank, that the first certificate had a name change on May 7, 1990, "from Alvester & Alma"; Exhibit 2 shows that the origination date of the first certificate was December 31, 1980; Exhibit 3 is a portion of a teller transaction journal created in the regular course of business; Exhibit 4 was generated in the same manner as Exhibit 3; Exhibit 3 contains information concerning the second certificate; I also have documentation showing that the origination date for the second certificate was November 25, 1981; on Exhibit C, the signature card, there is nothing to indicate it was signed at the time of the purchase of the first certificate; it is possible there was no signature card for the second certificate; before 1985, not all institutions required signature cards on certificates of deposit.

Alvester's estate did not present any witnesses. It introduced three exhibits, consisting of documents. The only defense exhibit mentioned in its brief is an undated signature card, Exhibit C, signed by Alvester Hopkins.

■ The first point of Alvester's estate is that the trial court erred in receiving into evidence petitioner's Exhibits 2, 3, and 4 "because said exhibits were admitted without proper foundation and constituted improper hearsay in that said exhibits were not properly identified and did not qualify for admission as business records." This contention has not been preserved for appellate review. Rule 84.04 requires that the brief for appellant shall contain, among other things, "a statement of the facts." Rule 84.04(c) reads in pertinent part: "The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument."

■ The statement of facts section of the brief of appellant does not mention Rhonda Wallis, nor does it mention any of the three challenged exhibits or her testimony concerning same. With exceptions not applicable here, Rule 84.13(a) provides that allegations

of error not briefed or not properly briefed shall not be considered in any civil appeal. This court, in its discretion under Rule 84.13, reviews appellant's first point for possible plain error. Plain error requires a finding by this court that manifest injustice or miscarriage of justice has resulted from a plain error affecting substantial rights.

■ "Prejudicial or reversible error in the admission or rejection of evidence is not an issue on appeal in any case tried before the judge without a jury." *City of Town and Country v. St. Louis County*, 657 S.W.2d 598, 608[16] (Mo. banc 1983). In a case tried without a jury, the trial court may properly allow the parties "wide latitude" in the admission of evidence. *Mashak v. Poelker*, 367 S.W.2d 625, 626[2] (Mo. banc 1963). See also *Lee v. Rolla Speedway, Inc.*, 539 S.W.2d 627, 632[9] (Mo.App.1976); "In a court tried case the same strictness as to admission of evidence is not applied as is to jury cases." *In re Marriage of Ryterski*, 655 S.W.2d 102, 104[4] (Mo.App.1983).

Section 490.680 provides that the record of an act, condition or event, shall be competent, insofar as relevant, (1) if the custodian or other qualified witness testifies to its identity and the mode of its preparation; and (2) if the record was made in the regular course of business, at or near the time of the act, condition or event; and (3) if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.

*Rossomanno v. Laclede Cab Company*, 328 S.W.2d 677, 681 (Mo. banc 1959).

[A] witness may be competent to identify a business record and testify to the mode of its preparation even though he was not employed in the "business" at the time the act, condition or event occurred or was recorded. The testimony of the witness as to the "mode of preparation" need not be based on personal knowledge.... The trial court must of necessity be given a large discretion in his determination of whether the statutory requirements for ad-

mission of the business records have been satisfactorily complied with.

*Id.* at 683.

■ This court, having examined the three challenged exhibits and the testimony of Rhonda Wallis concerning same, holds that the trial court did not commit plain error in receiving petitioner's Exhibits 2, 3, and 4 into evidence. For cases dealing with the admissibility of computer printouts see *Kimberlin v. C.M. Brown and Associates, Inc.*, 722 S.W.2d 90, 91 (Mo.App.1986); *Crowe v. Coursey*, 601 S.W.2d 650, 653–654 (Mo.App.1980). Appellant's first point has no merit.

■ The second point of Alvester's estate is that the evidence was insufficient to support the judgment because (a) "any existing joint tenancies had been severed by the acts of Verdetta Hahs," and the severance was a power granted her under Alvester's durable power of attorney, and (b) there was no showing that the two certificates "were jointly titled at the time of Alvester J. Hopkins' death."

In its argument in support of prong (a), Alvester's estate relies upon 14 pages appended to its brief in this court and referred to as "Addendum 1–4, Addendum 5–10, and Addendum 11–14." The three addenda purport to be three powers of attorney executed by Alvester J. Hopkins in favor of Verdetta Hahs. None of the addenda was marked as an exhibit or introduced in evidence.[2] Accordingly, those documents are not part of the record on appeal and may not be considered by this court. *Henning v. Director of Revenue*, 790 S.W.2d 513, 514[3] (Mo.App. 1990); *Eaton v. Eaton*, 637 S.W.2d 799, 800[2] (Mo.App.1982); *Stix & Co., Inc. v. First Mo. Bank & Tr. Co., Etc.*, 564 S.W.2d 67, 69 (Mo.App.1978). In *Henning*, at 514, the court said: "As far as our review is concerned, these documents do not exist." Since the documents on which it relies are not in evidence, prong (a) has not been preserved for appellate review.

■ Prong (b) is factually unsound. Finding of fact No. 2 was supported by the testi-

---

2. Page 3 of one of the addenda was introduced into evidence as one page of Exhibit E intro-

duced by appellant.

mony of Rhonda Wallis, the testimony of Verdetta Hahs, and appellant's answer to paragraph 4 of the petition. As the trial court found, the first certificate and the second certificate were issued after Alvester's marriage to his second wife and years after the death of Alvester's first wife. There could not reasonably be any doubt as to the identity of the person named as Alma Hopkins on the first certificate and Alma M. Hopkins on the second certificate. Clearly that person was Alvester's second wife.

In *Brown v. Mercantile Bank of Poplar Bluff,* 820 S.W.2d 327 (Mo.App.1991), this court said, at 336:

> A tenancy by the entirety, which exists only between a husband and wife, is based on the common law fiction that the husband and wife hold property as one person. It is well established at common law that there can be an estate by the entirety in a bank account. This common law principle received explicit legislative recognition in the 1977 amendment of § 362.470, RSMo 1986, which provides in part:
>
> > 5. Any deposit made in the name of two persons or the survivor thereof who are husband and wife shall be considered a tenancy by the entirety unless otherwise specified.
>
> A bank account may be held by the entirety even though one of the parties, acting alone, may draw against it.
>
> For many years, Missouri case law has taught that a bank account in the names of husband and wife is presumed to be held by the entirety; this presumption is true even where the account does not designate the parties as husband and wife. This common law presumption is embodied in § 362.470.5 quoted above.

> . . . . .

> The presumption of ownership by the entirety is rebuttable. However, evidence to overcome the presumption "must be so strong, clear, positive, unequivocal and definite as to leave no doubt in the trial judge's mind." (Citing authorities.)

 Even prior to 1977, when § 362.470 was amended by the addition of § 362.470.5, certificates of deposits or checking accounts or savings accounts held in the names of a man and woman who were husband and wife were presumed to be held in an estate by the entirety "notwithstanding statutes relating generally to joint deposits," and the estate existed whether the husband or wife or both furnished the money. *In re Estate of Jeffries,* 427 S.W.2d 439, 444 (Mo.1968); *In re Estate of O'Neal,* 409 S.W.2d 85, 91[2–5] (Mo.1966). The presumption is rebuttable but "in order that the presumption be overthrown, the evidence must be clear, strong, unequivocal, and so definite and positive as to leave no room for doubt in the mind of the chancellor." *In re Estate of Jeffries,* at 444[3], quoting *In re Estate of O'Neal,* at 91[9].

 If the account holders are in fact husband and wife, it is immaterial that the account does not so designate them. *Estate of Fugett,* 596 S.W.2d 66, 71 (Mo.App.1980); *Merrill Lynch, Pierce, Fenner & Etc. v. Shackelford,* 591 S.W.2d 210, 214 (Mo.App. 1979); *In re Estate of Fugett,* 564 S.W.2d 628, 631 (Mo.App.1978). Upon the death of a tenant by the entirety, the survivor is the sole owner. *Barnes v. Bank of Bourbon,* 619 S.W.2d 906, 909 (Mo.App.1981). The use of the connective word "or" is not fatal to the creation of an entirety estate. *Merrill Lynch, Pierce, Fenner & Etc. v. Shackelford, supra,* 591 S.W.2d at 213. All choses in action, payable to husband *and* wife or to husband *or* wife are presumed to be estates by the entirety. *Id.* at 213–214.

There is no merit in the contention of Alvester's estate that there was no showing that the two certificates were jointly titled at the time of Alvester's death. The findings of fact of the trial court are supported by the record and they, in turn, support its conclusion of law that all interest in each certificate, on the death of Alvester Hopkins, was held by his widow, Alma M. Hopkins. Appellant's second point has no merit.

 The third point of Alvester's estate is that the trial court erred in refusing to receive into evidence Exhibit A, the will of Alvester J. Hopkins executed on March 12, 1986, and Exhibit B, a marital agreement executed on March 12, 1986, by Alvester J.

Hopkins and Alma M. Hopkins. Both of these documents, which this court has examined, were executed several years after the first certificate and the second certificate were issued. Neither of the exhibits mentioned either certificate. Neither of the exhibits materially affected the merits of the action, and the trial court did not err in excluding them. Appellant's third point has no merit.

Respondent has filed a motion under Rule 84.19 seeking damages for a frivolous appeal. This court denies the motion.

The judgment is affirmed.

PREWITT, J., concurs and files concurring opinion.

CROW, J., concurs.

PREWITT, Judge, concurring.

I fully concur in the principal opinion. I only write because I think that a quote there from *City of Town and Country v. St. Louis County,* 657 S.W.2d 598, 608 (Mo. banc 1983), could be misleading. That quote says:

"Prejudicial or reversible error in the admission or rejection of evidence is not an issue on appeal in any case tried before the judge without a jury."

Of course, decisions of the Missouri Supreme Court are "controlling" on this court. Mo. Const. art. V, § 2. In the context used in *City of Town and Country,* the quoted statement may well be accurate, but I do not think it was intended to cover all situations regarding appellate review of evidence questions in nonjury cases.

It may be that the admission of improper evidence alone is not an issue in a nonjury case, but it can be where the trial court relied on that evidence in arriving at its finding or where there is an absence of competent evidence supporting the judgment. *Yates v. Yates,* 776 S.W.2d 46 (Mo.App.1989).

Rejection of proper evidence may also be considered on appeal. On appellate review the "court shall consider admissible evidence which was rejected by the trial court and preserved. The court may order that proffered evidence which was rejected by the trial court and not preserved be taken by deposition or by reference to a master under Rule 68.03 and returned to the appellate court." Rule 73.01(c)(3).