**Bonnie J. McKENNA,**
**Petitioner/Respondent,**

v.

**Michael J. McKENNA,**
**Respondent/Appellant.**

No. 68796.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 17, 1996.

Daniel P. Card, II, Paule, Camazine & Blumenthal, P.C., Clayton, for Appellant.

Hardy C. Menees, JoAnn Trog, Menees, Whitney & Burnet, Clayton, for Respondent.

SIMON, Judge.

Michael J. McKenna (Father) appeals a judgment of the trial court modifying the decree of dissolution in favor of Bonnie J. McKenna (Mother).

On appeal, Father contends that the trial court erred in: (1) *excluding from evidence* a chart containing information about his income, which was prepared by his accountant; (2) figuring Father's gross income without subtracting his business expenses; and (3) including medical and educational expenses in the calculation of child support. We affirm the judgment as modified.

 We affirm the trial court's judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo.banc 1976). Further, as a trier of fact, it is the function, indeed the duty, of the trial court to decide the weight and value to be given to the testimony of any witness. *Wynn v. Wynn*, 738 S.W.2d 915, 918[1] (Mo.App.1987). On appeal, we view the evidence in a manner favorable to the judgment and disregard contrary evidence. *Id.* We defer to the trial court even if the evidence could support a different conclusion. *Id.*

The record reveals that the marriage of Father and Mother was dissolved by a Decree of Dissolution (Decree) on September 12, 1989. Custody of the couple's two children, Lauren Jeanne (Daughter) and Michael J. Jr. (Son) was awarded to Mother. Father was ordered to pay $350.00 per month in child support for both children. Additionally, the Separation Agreement, which was incorporated into the Decree, obligated Father to maintain medical, hospitalization, and dental insurance on both children (Insurance Expenses) and pay one-half of all medical expenses not covered by insurance (Extraordinary Medical Expenses), one-half of private high school tuition and $100.00 per month for parochial school tuition for both children (Educational Expenses).

On October 16, 1991, by an Order of Modification, custody of Son was awarded to Father. Child support was reduced to $160.00 per month for Daughter, and support was eliminated for Son. Additionally, all terms of the Decree regarding the Insurance, Extraordinary Medical and Educational Expenses were left intact. On August 15, 1994, Mother filed a Motion to Modify, requesting primary custody of Son be returned to her and that the child support be modified to include him. Father filed a cross-motion to Modify, requesting termination of child support or conditioning of any support upon the exercise of reasonable rights of custody. Subsequently, the trial court, upon agreement of both parties, issued an order awarding Mother primary physical and legal custody of Son, leaving open the issues as to child support and visitation.

At trial, Father's and Mother's tax forms were introduced to provide evidence of each party's gross income. Father also attempted to introduce an exhibit into evidence, which was a chart containing information about his

income. The chart, prepared by his accountant and dated March 21, 1995, listed Father's adjusted gross income for the past four years and then calculated his "net income" for these years by subtracting his business expenses from his gross income. Father never called his accountant to testify, and during his testimony, he was unable to explain the accounting and tax principles used to prepare the exhibit. The court ruled that the exhibit was inadmissible hearsay.

During Father's cross-examination, Mother's attorney attempted to elicit testimony regarding her payment of Extraordinary Medical and Educational Expenses. The court sustained Father's objection to this evidence, stating that a mechanism was already in place for these expenses and that Mother had not requested a modification of them in her petition. Subsequently, the court sustained Father's objections to Mother's testimony regarding her payments for Insurance, Extraordinary Medical and Educational Expenses.

Finally, when Mother submitted three Form 14s, the court again sustained Father's objection to the inclusion of amounts for Insurance, Extraordinary Medical and Educational Expenses in these forms. Mother's attorney stated that the Form 14s calculated Father's gross income by calculating a four year average of Father's gross income as listed on his 1991–1994 tax forms. The court issued its judgment modifying the Decree, denying Father temporary custody and visitation rights and ordered him to pay $833.00 per month in child support. The court did not make explicit findings of fact or conclusions of law with respect to the child support amounts. Additionally, it included one of Mother's Form 14s, which listed Father's gross income of $2,510.00 (line 1), $107.00 for Health Insurance Expenses (line 4c), $270.00 for Extraordinary Medical Expenses (line 4d) and $152.00 for Educational Expenses (line 4e).

Father filed a motion for new trial or alternatively, to amend or modify the judgment, arguing, in pertinent part, that the trial court erred by including in its Form 14 the amounts for Insurance, Extraordinary Medical and Educational Expenses, and by

computing his gross income without deducting his ordinary and necessary expenses required to produce his income. On June 29, 1995, the court issued its order, which stating "the judgment shall be modified to provide that respondent is hereafter relieved of his obligation to provide medical and or dental insurance for the minor children . . . " This appeal followed.

In his first point, Father alleges the trial court erred in excluding his exhibit as hearsay because the report was merely a graphic compilation and summary of data.

■ An unsworn ex parte written report introduced to prove the truth of the matter it asserts is hearsay. *Niederkorn v. Niederkorn*, 616 S.W.2d 529, 535[9] (Mo.App. E.D. 1981). The principal objection to hearsay is the inability of the other party to cross-examine the person to whom the hearsay statement is attributed. *Cruce v. Auto–Owners Mutual Ins. Co.*, 851 S.W.2d 10, 12[1] (Mo.App. W.D.1993).

■ Here, Father's excluded evidence was a chart, prepared by his accountant, containing information about his income, expenses and conclusions drawn from that information. It was offered for the truth of the matter asserted—proposing gross income figures for the court to adopt. Since the accountant did not testify, Mother's attorney did not have the opportunity to cross-examine the accountant regarding the conclusions in the report.

Father argues the report was admissible because it was merely a graphic compilation and summary of data, relying on *Kimberlin v. C.M. Brown and Associates*, 722 S.W.2d 90, 91 (Mo.App.1986). Father's reliance on *Kimberlin* is misplaced. *Kimberlin* involved summaries of computer printouts, which were admitted under § 490.680 R.S.Mo., the business record exception to hearsay. Here, the report was not a business record of appellant, nor did he make any contention that it qualified for admission as a business record.

■ Father also argues that the chart is admissible because Father had personal knowledge about the contents of the report, citing *State v. Quinn*, 594 S.W.2d 599, 603

(Mo. banc 1980). Father's reliance on *Quinn* is misplaced. In *Quinn,* our Supreme Court addressed the admissibility of a witness' testimony about her pretrial identification of a defendant. The Court allowed the testimony, stating that such testimony was neither improper bolstering nor hearsay because it was direct testimony as to a fact about which she had personal knowledge. *Quinn,* 594 S.W.2d at 603[9]. Here, the excluded exhibit was not direct testimony as to facts about which Father had personal knowledge. We conclude that the trial court did not abuse its discretion in its exclusion of the exhibit as hearsay. *Kansas City v. Keene Corp.,* 855 S.W.2d 360, 367 (Mo. banc 1993). Point denied.

■ In his second point, Father contends the trial court erred in its calculation of child support by not subtracting three years of his business expenses from his gross income. Father argues that he was essentially self-employed from 1991–1993 and therefore, the court was required to subtract his expenses for those years from his gross income.

When the amount of child support to be paid is at issue, the application of Rule 88.01 and Form 14 is mandatory. *McElroy v. McElroy,* 910 S.W.2d 798, 804 (Mo.App. E.D. 1995). Rule 88.01 provides, in pertinent part:

> There is a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is the amount of child support to be awarded in any judicial or administrative proceeding for dissolution of marriage, legal separation, or child support.

The "Directions for Completion of Form 14" provide, in pertinent part, as related to the calculation of gross income:

> Enter one-twelfth of yearly gross income. Gross income includes income from any source, except as excluded below, and includes but is not limited to income from salaries, wages, overtime compensation, commissions, bonuses, dividends, severance pay, pensions ... For income from rent, royalties, self-employment, proprietorship or a business or joint ownership or a partnership or closely held corporation, "gross income" is defined as gross

receipts minus ordinary and necessary expenses required to produce income.

Here, the record reveals that the court used Father's tax forms from 1991–1994 as a basis for averaging his gross income and calculated one-twelfth of that average. The tax forms for 1991–1993 indicated that Father submitted W–2 forms, which indicated Father's wages and the taxes his employer withheld from those wages. Additionally, Father testified, in pertinent part:

> Q: Isn't it a fair statement that, for 1991, you reported $31,918 for wages, salaries and tips; for 1992, $27,160 on line 7: and for 1993, you reported $35,706?
>
> [Father]: I was—What you're—What you're referring to is—is where I was an employee of a company during those years you referred to, '91, '92. And that—
>
> Q: You were: weren't you?
>
> [Father]: An employee ...
>
> Q: And in 1993 you—you were or weren't self-employed?
>
> [Father]: For half the year, until—Christian Dior lost their license, I was an employee of the Warnico Company.

Thus, we conclude that there is substantial evidence to support that Father was not self-employed from 1991–1993 and was self-employed for half of 1993. Therefore, the trial court did not err in its calculation of his gross income. Point denied.

In his third point, Father contends that the trial court erred in calculating child support by including the Insurance, Extraordinary Medical and Educational Expenses in its Form 14. Father argues that there was no substantial evidence to include such items and the inclusion of such items in the modified child support amount would, in effect, double charge him.

■ There must be evidence in the record to support an order of child support. *Umphenour v. Umphenour,* 831 S.W.2d 764, 767[3] (Mo.App. W.D.1992). Additionally, original determinations in dissolution proceedings are res judicata until the movant has carried the burden of showing changed circumstances as required by § 452.370

R.S.Mo. *LoPiccolo v. LoPiccolo,* 581 S.W.2d 421, 424[1–5] (Mo.App.1979).

Initially we note that neither party's Motion to Modify was directed to the Decree's provisions providing for Father's payment of the Insurance, Extraordinary Medical and Educational Expenses. Additionally, neither party has contested the validity of these provisions of the Decree. We also note that the court modified its judgment, removing from child support the amount for Insurance Expenses (Form 14, line 4c) in response to Father's Motion for New Trial/to Amend or Modify the Judgment. Since Father is not aggrieved in relation to these expenses, he lacks standing to appeal the issue and therefore, his point on appeal is limited to the court's inclusion of Extraordinary Medical and Educational Expenses in its Form 14. *Shelter Mut. Ins. Co. v. Briggs,* 793 S.W.2d 862, 863[1] (Mo.1990); § 512.020 R.S.Mo.

As to the Extraordinary Medical and Educational Expenses, the court repeatedly sustained Father's objections to evidence of these items, during the parties' testimony and the introduction of Mother's three Form 14s. As a result, there is no evidence to support the court's inclusion of these expenses on its Form 14. Further neither party's motion to modify was directed to these items. Additionally, the Decree ordered Father to pay Extraordinary Medical and Educational Expenses over and above the amount of child support. Including these amounts as part of the modified child support without removing his obligations for them under the Decree would subject Father to double payments. Thus, $270.00 for uninsured extraordinary medical expenses (line 4d) and $152.00 for extraordinary expenses (line 4e) were erroneously included in the court's Form 14. Therefore, these amounts in addition to the amount previously removed by the trial court in its amendment of the decree are excluded. As a result, Father's obligation as to the child support is Five Hundred Twenty–Seven Dollars ($527.00) and Mother's obligation is Three Hundred Eighty–Seven Dollars ($387.00).

Judgment affirmed as modified.

RHODES RUSSELL, P.J., and KAROHL, J., concur.