Abigail C. SCOTT and Marguerite S. Scott, individually and for and on behalf of the Estate of Wilmot H. Scott, deceased, Appellants,

v.

Michael W. FLYNN and Cass Bank & Trust Company, Respondents.

No. 70570.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 15, 1997

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 3, 1997.

David L. Campbell, St. Louis, for appellants.

T. Michael Ward, Robert Solomon Rosenthal, James T. Barry, Jr., St. Louis, for respondents.

CRAHAN, Presiding Judge.

In an earlier appeal by Abigail Scott ("Wife") and Marguerite Scott ("Daughter"), we held that Michael W. Flynn's appointment as guardian and conservator of Wilmot Scott, now deceased husband of Abigail and father of Marguerite, was void for lack of service of process on Mr. Scott. *Scott v. Scott,* 882 S.W.2d 295 (Mo.App.1994). The claims in this case pertain to actions taken by Mr. Flynn as conservator prior to our ruling that his appointment was void. Wife appeals the entry of summary judgment on her claims of breach of contract and negligence against Cass Bank and Trust Company ("Bank")[1] and dismissal of her claims for conversion and breach of fiduciary duty against Mr. Flynn ("Flynn").[2] We affirm in part and reverse and remand in part.

Wife's first three points pertain to the entry of summary judgment in favor of Bank. Our review on appeal from a summary judgment is essentially *de novo. ITT Commercial Finance v. Mid–America Marine,* 854 S.W.2d 371, 376 (Mo. banc 1993). We review the record in the light most favorable to the party against whom judgment was entered.

1. In her brief, Wife concedes the trial court properly granted summary judgment on her claim of breach of fiduciary duty by Bank.

2. Daughter also appeals the dismissal of the breach of fiduciary duty claim against Flynn, the only claim to which she was a party. For ease of description, we treat all of the claims as if brought by Wife alone.

*Id.* However, facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.*

■ In her first point, Wife claims that Bank's motion was deficient because it failed to set forth in separate numbered paragraphs those matters as to which there was no genuine issue of material fact as required by Rule 74.04(c)(1). We have reviewed Bank's motion and find this contention to be without merit. Bank's motion states with particularity in separately numbered paragraphs each material fact and contains specific citations to the record demonstrating the absence of any genuine dispute as to such fact. It is Wife's response that fails to comply with the rules. Wife's response does not admit or deny each factual statement contained in Bank's motion, nor does it contain any citations to the record to contradict Bank's factual assertions. Therefore we take the facts asserted by Bank to be true. *Id.* The only issue is whether, assuming those facts to be true, Bank is entitled to judgment as a matter of law.

Insofar as is pertinent to the issues on appeal, Bank's motion establishes that in June 1984, Wilmot Scott opened a money market account with Bank in his individual name. Sometime between August 31, 1990 and September 28, 1990, Wife's name was added to the account as a joint tenant with right of survivorship. On the pre-printed account card maintained by Bank, the account was titled as follows:

Account Title *W.H. Scott or Abigail C. Scott* Joint Tenants with Right of Survivorship

The names "W.H. Scott or Abigail C. Scott" are typewritten on the line provided and the rest of the words, including "Joint Tenants with Right of Survivorship" are pre-printed as part of the form. The authorized signatures of W.H. Scott and Abigail C. Scott appear immediately below the account title as shown above. At no time was the account ever titled in the names of W.H. Scott and Abigail C. Scott as "tenants by the entirety," although W.H. Scott and Abigail C. Scott were husband and wife.

In June 1992, W.H. Scott was determined to be incapacitated and disabled by the Circuit Court of St. Louis County. On July 29, 1992, Michael W. Flynn was appointed guardian and conservator. On December 10, 1993, acting in his later voided capacity as guardian and conservator of W.H. Scott, Flynn withdrew the entire remaining balance of the money market account described above, which amounted to $94,603.32.

In her petition, Wife alleged that Bank entered into a contract with her and W.H. Scott to hold their funds in tenancy by the entirety and that Bank breached that agreement by paying the money in the account to Flynn (Count II). Wife also claimed that Bank was negligent in paying out funds to someone not legally entitled to them (Count III). In support of her contention that the account was held as a tenancy by the entirety, Wife relied on § 362.470.5 RSMo 1994, which provides:

Any deposit made in the name of two persons or the survivor thereof who are husband and wife shall be considered a tenancy by the entirety unless otherwise specified.

As Wife correctly points out, a conservator has no authority to withdraw property held in tenancy by the entirety, with or without court approval, without the consent of the other tenant by the entirety. § 475.322(3) RSMo 1994. Bank does not contend that Wife consented to the withdrawal by Flynn.

Bank urges, however, and the trial court found, that because the account card stated that the title was held as "Joint Tenants with Right of Survivorship," it clearly "otherwise specified" the account as being held in joint tenancy as opposed to tenancy by the entirety. An adjudication of incompetency of a joint tenant does not terminate a joint tenancy. §§ 362.470.4, 369.174.3 RSMo 1994. Funds from such an account may be withdrawn by the guardian on behalf of the incompetent joint tenant, without the consent of the joint tenant and without court approval. §§ 362.470.4, 369.174.3, 475.322 RSMo 1994; *Matter of Estate of Thompson,* 539 S.W.2d 650, 652 (Mo.App.1976); *see also, Matter of Tepen,* 599 S.W.2d 533, 535 (Mo.

App.1980). Based on its determination that the account was held as a joint tenancy with right of survivorship and not as a tenancy by the entirety, the trial court found that Bank was entitled to judgment as a matter of law.

■ On appeal, Wife urges that titling the account "W.H. Scott or Abigail C. Scott, Joint Tenants with Right of Survivorship" is not sufficient to overcome the statutory presumption of § 362.470.5, *supra*, that the account "shall be considered a tenancy by the entirety unless otherwise specified." Although the presumption is rebuttable, it has been held that evidence to overcome the presumption must be so strong, clear, positive, unequivocal and definite as to leave no doubt in the trial judge's mind. *Brown v. Mercantile Bank of Poplar Bluff,* 820 S.W.2d 327, 336 (Mo.App.1991).

Bank acknowledges the statutory presumption of tenancy by the entirety "unless otherwise specified" but urges that in this case the account was "otherwise specified" as a joint tenancy with right of survivorship. We disagree. Such reasoning is circular because a husband's and wife's joint tenancy with right of survivorship satisfies the statute's definition of what is presumed to be a tenancy by the entirety—*i.e.,* it is a deposit made in the name of two persons or the survivor thereof who are husband and wife. Therefore, designation of a specific type of account that satisfies all of the statutory requirements triggering a presumption of tenancy by the entirety cannot be construed as a specification that the account be held "otherwise" than by the entirety. Rather, to achieve that result, it would be necessary to designate the account "Joint Tenants with Right of Survivorship *and Not as Tenants by the Entirety* " or words to like effect.

Neither *In re Estate of Hayes,* 658 S.W.2d 956 (Mo.App.1983), nor *Estate of Hopkins v. Estate of Hopkins,* 862 S.W.2d 470 (Mo.App. 1993), the authorities cited by Bank, support its position. Contrary to Bank's representation in its brief, *In re Estate of Hayes* involved a joint account owned by two brothers, not by a husband and wife. 658 S.W.2d at 957, 958. In *Estate of Hopkins,* a husband and wife owned two certificates of deposit titled as "joint tenants with right of survivor-

ship." The husband and wife died, although the wife outlived husband by eighteen days. Prior to husband's death, the holder of husband's durable power of attorney transferred the money in the accounts to separate accounts which did not include the wife. These transfers were later set aside in a separate proceeding, resulting in the ownership of the accounts reverting back to the form in which the certificates were titled prior to the transfers. 862 S.W.2d at 473. The issue on appeal was whether the husband's or the wife's estate was entitled to the money in the accounts. The court held that wife's estate was entitled to the money. *Id.* at 476–77. Although the opinion contains an extended discussion of the presumption of tenancy by the entirety, the issue on appeal was simply whether the accounts were jointly titled at the time of husband's death. *Id.* Thus, whether the account was a joint tenancy or a tenancy by the entirety was not dispositive. Either way the outcome would have been the same.

More instructive are *Brown, supra,* and *Edgar v. Ruma,* 823 S.W.2d 59 (Mo.App. 1991). In *Brown,* the account in question was owned by a husband, his wife and their daughter as joint tenants with right of survivorship. 820 S.W.2d at 330. The court held, *inter alia,* that the inclusion of a third party (the daughter) did not rebut the presumption that the husband and wife's undivided interest in the account was held as a tenancy by the entirety and was not subject to garnishment. *Id.* at 337–38. In *Edgar,* we held that an account card signed by a husband and wife providing that any sums deposited "are and shall be owned by them jointly with right of survivorship" created an account held as tenants by the entirety. 823 S.W.2d at 61.

■ Likewise in this case, we hold that, absent a specific disclaimer that the account is not being held as tenants by the entirety, an account card signed by a husband and wife as joint tenants with right of survivorship must be considered a tenancy by the entirety. Inasmuch as Bank offered no evidence that Flynn had Wife's approval to withdraw the funds from the account, it follows that Bank did not show that it was

entitled to judgment on Counts II and III as a matter of law. We therefore reverse the judgment on these two counts and remand for further proceedings consistent with this opinion.

■ The remaining points on appeal pertain to the trial court's dismissal of the claims against Flynn. In her fourth point, Wife contends that the trial court erred in dismissing her claim alleging Flynn wrongfully converted the funds withdrawn from the money market account on the ground that such claim can only be asserted as a compulsory counterclaim in a separate pending interpleader action filed by Flynn.

The trial court relied on Rule 55.32(a), which provides that a counterclaim is compulsory "if it arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim...." The term "transaction" has been held to be a term of broad and flexible meaning which is intended to include all the facts and circumstances constituting the foundation of a claim and should be applied so as to bring all logically related claims into a single litigation. *Harris v. Nola,* 537 S.W.2d 636, 639 (Mo.App.1976).

The interpleader action filed by Flynn in the Circuit Court of St. Louis County sought to determine who was entitled to the funds he withdrew from the Cass Bank money market account. The defendants are the potential claimants and include Abigail Scott, Marguerite Scott and the Estate of Wilmot Scott. The trial court found that the interpleader action involves the same subject matter and transaction that is involved in the conversion claim—Flynn's withdrawal of the remaining balance of funds from the account and the ownership of the withdrawn funds. Therefore, without addressing the merits of the conversion claim, the trial court held that the conversion count should be dismissed as a compulsory counterclaim to the interpleader action pending in St. Louis County.

Our research has not disclosed any Missouri authority on the issue of whether a dispute between a claimant and the stakeholder in an interpleader action can be a compulsory counterclaim in an interpleader action or even whether a counterclaim is permitted in an interpleader action. Under Rule 41.05(a)(2), however, all civil rules apply to all civil actions pending before a circuit judge and there is no apparent reason why this would not include application of Rule 55.32(a) to an interpleader action pending before a circuit judge. The federal courts have upheld the use of Federal Rule 13(a), which is identical to Rule 55.32(a), in interpleader cases. *See, e.g., Liberty Nat. Bank & Trust v. Acme Tool,* 540 F.2d 1375, 1380 (10th Cir.1976) (interpleader action can be used to resolve not only title claims among claimants in a disputed matter, but can also be used to settle disputes between the claimants and the stakeholder); *Wayzata Bank & Trust Co. v. A & B Farms,* 855 F.2d 590, 593 (8th Cir.1988)(claimant's action claiming breach of fiduciary duty against stakeholder trustee was a compulsory counterclaim); *Dakota Livestock Company v. Keim,* 552 F.2d 1302, 1307 (8th Cir.1977) (conversion claim properly asserted in interpleader action even if claimant is not specifically seeking funds deposited with the court). *See also* 3A J. Moore Federal Practice ¶ 22.15 (an allegation by a claimant that a stakeholder is subject to an independent liability may be a compulsory counterclaim).

Although the minutes indicate Wife filed a response to Flynn's motion to dismiss, it has not been included in the notice of appeal and the trial court's order indicates that Wife did not respond to the assertion that her conversion claim should be considered a compulsory counterclaim. On appeal, Wife contends that the conversion claim is not a compulsory counterclaim because it does not arise out of the same transaction or occurrence that is the subject matter of the interpleader and that Flynn is not an "opposing party" in the interpleader action as required by Rule 55.32(a) because he is seeking no relief against Wife. Assuming *arguendo* that these contentions are properly preserved for appeal, we find them to be without merit. Both actions unquestionably involve the same transaction and subject matter—*i.e.,* Flynn's withdrawal of the money market funds Wife claims belong to her. Further, Flynn did seek relief against Wife in the interpleader suit in that he expressly sought to be relieved and discharged from any and all liabili-

ty to Wife on account of the funds in his possession. *See Liberty Nat. Bank & Trust Co., supra,* 540 F.2d at 1380, n. 3 (stakeholder's request for discharge of liability and for judicial protection against further claims creates the adversity necessary to satisfy the "opposing party" requirement *of the rule* concerning compulsory counterclaims). We find no error in the trial court's dismissal of Wife's conversion claim as a compulsory counterclaim to Flynn's interpleader action.

■ In her final point, Wife claims the trial court erred in dismissing her and Daughter's claim against Flynn alleging breach of fiduciary duties. The trial court dismissed this count for a lack of standing, holding that the claims Wife and Daughter attempted to assert could only be asserted by Mr. Scott's estate acting through his personal representative. Neither Wife nor Daughter are Mr. Scott's personal representative.

■ In Count V of their petition, Wife and Daughter allege: "Defendant Flynn has breached his aforesaid statutory and fiduciary duties *as Conservator of protectee* and to use his skills as an attorney in the *protection, preservation, management and investing of protectee's estate* in that, inter alia:" following which are listed various alleged deficiencies in Flynn's performance. (emphasis added). Although Wife and Daughter attempt to characterize their claims as breach of fiduciary duties owed to them, it is clear from the foregoing language that their claims in fact allege a breach of fiduciary duties owed to Mr. Scott, or, upon his death, to his estate. As the trial court correctly found, the decedent's estate can assert such claims only through its personal representative. *Estate of Lemaster v. Hackley,* 750 S.W.2d 692, 694 (Mo.App.1988).

Moreover, Wife and Daughter have failed to cite any authority supporting the notion that Flynn owed statutory or fiduciary duties to them. As the trial court correctly observed, a conservator's duty is to act in the interest of the protectee and to avoid conflicts of interest that would impair his ability to do so. § 475.130.1 RSMo 1994. To hold a conservator owes fiduciary obligations to a protectee's spouse or adult children could require the conservator to act in direct con-

flict to his statutory obligation to act in the best interest of protectee alone. We find no error in the trial court's dismissal of Count V.

Summary judgment in favor of Bank on Counts II and III is reversed and remanded for further proceedings consistent with this opinion. In all other respects, the judgment is affirmed.

GRIMM and HOFF, JJ., concur.