**BROOKFIELD PRODUCTION CREDIT ASSOCIATION, Respondent,**

v.

**George H. WEISZ and Bonnie Sue Weisz and Francis Weisz, Appellants.**

**No. WD 33740.**

Missouri Court of Appeals,
Western District.

Sept. 20, 1983.

898

James A. Rahm, Carrollton, for appellants.

Edwin Yagel, Brookfield, for respondent.

Before KENNEDY, P.J., and LOWENSTEIN and NUGENT, JJ.

PER CURIAM:

Defendants George, Francis, and Bonnie Weisz appeal from an adverse judgment rendered in a court-tried case involving an action on three promissory notes issued to plaintiff Brookfield Production Credit Association. Defendants complain that the trial court erred in holding that George, the holder of a written power of attorney, was authorized to execute the specific notes involved here. We affirm the judgment of the trial court.

The trial court made the following findings of fact: On May 9, 1975, defendant Bonnie Weisz executed an instrument granting her husband George power of attorney. On August 16, 1977, George's brother Francis granted him an identical

power of attorney. Under the pertinent provisions of each instrument, George was given authority to "[apply] ... to the Brookfield Production Credit Association ... from time to time for loans which may be secured by personal or real property, or both, owned by [Francis or Bonnie], either jointly with [George], or separately, ...; and I do authorize [George] to execute valid and binding mortgages in my name, place and stead, conveying any property I may own separately or jointly with him as security for such loans;". In addition, each instrument set a ceiling on the total dollar amount of loans which could be outstanding at any one time.

In 1979, following the execution of the aforementioned instruments, defendant George Weisz executed and delivered to the plaintiff three promissory notes—one in the amount of $47,878.69, another in the amount of $18,830.00, and a third in the amount of $36,283.21. All three of the notes were due on May 10, 1980. On two of the notes, George signed his own name and his brother's, through his power of attorney. On the third note, George signed his own name and his wife's, again through his power of attorney.

On October 8, 1981, plaintiff instituted this action seeking recovery on all three notes due to the defendants' default. Following a non-jury trial, the court entered judgment in favor of the plaintiff on all three notes and ordered the defendants to pay the balance owing on each note, together with interest.

Defendants appeal, asserting as their sole point the contention that the trial court erred in entering judgment in favor of the plaintiff because "[t]he authority provided to George H. Weisz by the power of attorney forms signed by Francis Weisz and Bonnie Sue Weisz was not sufficient to provide authority to agree to terms of a specific promissory note on a specific date and authorized only to placement of signatures of Francis Weisz and Bonnie Sue Weisz." Appellants presented no evidence of their intentions in executing the instru-

ments. Thus, the determinative issue on appeal is whether or not the language of the instrument is sufficient to support a finding that George Weisz was authorized to execute the notes on behalf of his wife and brother.

Defendants cite two cases in support of their contention that a power of attorney authorizing the grantee to borrow money on behalf of the grantor must be set forth with reasonable clarity. *Mercantile Trust Co., N.A. v. Harper,* 622 S.W.2d 345 (Mo. App.1981); *Prior v. Hager,* 440 S.W.2d 167 (Mo.App.1969). In *Prior,* the plaintiff sought to use a broad general power of attorney in order to collect proceeds received by the appellant-grantor from a government land program. The court there held that the power of attorney was insufficient to support the plaintiff's claim of authority because (1) there was no evidence that the "undated" power was in existence at the time the holder allegedly acted pursuant to it and (2) because a finding that the power of attorney authorized the holder's actions would mean that the grantor empowered the holder to engage in tortious conduct on his behalf. This court faces neither problem in the case at bar.

In *Mercantile Trust Co., N.A. v. Harper,* 622 S.W.2d 345 (Mo.App.1981), the court held that the holder of a power to "perform any act ... that I now have, or may hereafter acquire the legal right ... to ... perform, in connection with ... any ... item, transaction ... or matter whatsoever, ..." was not authorized to sell off the grantor's property and use the proceeds to establish a joint brokerage account in both their names. "Potentially hazardous powers, such as the power to borrow money on behalf of the principal, cannot be inferred from the power of attorney; it must be reasonably clear that the principal intended to grant such power." *Mercantile Trust Co., N.A. v. Harper, supra,* at p. 349.

Unlike the power of attorney in the *Mercantile Trust Co.* case, the power of attorney exercised in the case at bar was specifically set forth in the instruments. More-

over, the power was limited to a specific source and to a specific sum.

Our research discloses two other cases in which an even broader power of attorney than is involved here has been held to be sufficient to authorize a specific act. In *Estate of Linck,* 645 S.W.2d 70 (Mo.App. 1982), this court held that the general grant of power "to perform all acts whatsoever concerning my property," combined with what the court called "[specific] grants [of] authority to perform acts relating to personal property and banking" was sufficient authorization for the holder of the power to convert the grantor's personal savings accounts, checking accounts, and certificates of deposit into property jointly held by both of them. In a case analogous to the one at bar, the Massachusetts Supreme Court held that the holder of a power "to do anything of any name or nature in relation to selling, conveying, transferring, mortgaging both real and personal property of any name and nature," was sufficient authority for the holder to borrow money and execute notes in the name of the grantor. *Malaguti v. Rosen,* 262 Mass. 555, 160 N.E. 532 (1928).

■ Each of the power of attorney instruments involved here contained a paragraph whereby the grantor could "ratify" actions taken by the holder. These paragraphs remained incomplete up to the time of trial. The defendants point to these blank ratification clauses as evidence that George Weisz lacked proper authority to execute the notes on their behalf. However, as long as the other provisions of the instrument were sufficient to grant George the authority to act, the ratification clause is irrelevant. "Ratification proceeds upon the assumption that there has been no prior authority and [merely] constitutes a substitute therefor;". 2A C.J.S. Agency § 63 (1972); *See also Fritsch v. National City Bank,* 24 S.W.2d 1066, 1068 (Mo.App.1930).

■ We find that these powers of attorney provided George Weisz with the authority to execute the promissory notes at issue here. Although the general rule is that powers of attorney are strictly con-

strued, "[t]he rule of strict construction . . . is not absolute and should not be applied to the extent of destroying the very purpose of the power . . . [I]f the language will permit, a construction should be adopted which will carry out, instead of defeat, the purpose of the appointment." 3 Am.Jur.2d Agency, Secs. 29–30 (1962).

Judgment affirmed.