In the Interest of Leonard ALLEN, Deceased, and Hazel Allen, Deceased, by Chalmer DOCKINS, Guardian and Conservator for Hazel Allen, Petitioner–Respondent,

v.

Randall Allen HOOE and Cheryl Ray, Defendants, and Home Savings of America, Defendants–Appellants.

No. 22703.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 14, 2000.

Motion for Rehearing or Transfer
Denied Feb. 3, 2000.

Application for Transfer Denied
March 21, 2000.

Terry M. McVey, Crow, Reynolds, Shetley & McVey, LLP, Kennett, for Appellant.

James M. McClellan, Sikeston, for Respondent.

PHILLIP R. GARRISON, Chief Judge.

Defendant Home Savings of America ("Home Savings") appeals from a judgment entered following a trial to the court without a jury. Hazel Allen ("Mrs.Allen") filed the suit, through her guardian and conservator, Chalmer Dockins ("Respondent"), not only against Home Savings but also against Randall Allen Hooe ("Hooe"), and Cheryl Ray ("Ray"). The suit was for recovery of funds allegedly converted by Hooe and Ray from accounts established by Mrs. Allen and her husband, Leonard, in both of their names. These accounts consisted of four separate accounts at Home Savings, of which three were held as "joint tenants with right of survivorship." The other account was held by the Allens as "joint tenants with right of survivorship and not as tenants in common, and not as tenants by the entirety." Those accounts were:

Account # 1: Account # 211–001553–0 in the amount of $9,999.99 held in the names of Leonard Allen and Hazel Allen, as joint tenants with right of survivorship;

Account # 2: Account # 211–001695–9 in the amount of $15,000.00 held in the names of Leonard Allen and Hazel Allen, as joint tenants with right of survivorship;

Account # 3: Account # 211–004758–2 in the amount of $2,387.65 held in the names of Leonard Allen and Hazel Allen, as joint tenants with right of survivorship;

Account # 4: Account # 211–000950–9 in the amount of $15,000.00 held in the names of Leonard Allen and Hazel Allen, as joint tenants with right of survivorship and not as tenants by the entirety.

The theory of liability as to Home Savings was that it improperly allowed Hooe and Ray to withdraw funds from the accounts pursuant to a durable power of attorney executed in their favor by Leonard Allen. The durable power of attorney executed by Leonard Allen included the following powers:

> To establish accounts of all kinds for me with financial institutions of any kind; to *modify,* terminate, make deposits to and write checks on and endorse checks for *or make withdrawals from all accounts in my name or with respect to which I am an authorized signatory;* to negotiate, endorse or transfer any checks or other instruments with respect to any such accounts; and to contract for any services rendered by any financial institution. (Emphasis added).

In addition, Hooe and Ray were granted "full power and authority to do and perform every act necessary to be done in the exercise of any of the foregoing powers as fully as I might or could do if personally present, ... "

On January 8, 1992, Hooe and Ray presented the durable power of attorney to Home Savings, and requested to transfer funds from the accounts held by the Allens. After checking with the attorney who prepared the durable power of attorney, Home Savings transferred the monies from those accounts to new accounts in the names of Leonard Allen or Hooe, joint trustees for Cheryl Ray and Kimberly Johnston. The funds from those accounts were later withdrawn and no accounting was presented concerning their use.

The trial court held that the fourth account was owned as joint tenants with the rights of survivorship in that it stated on the face of the account that it was not held as tenants by the entirety. Although it entered judgment against Hooe and Ray for the $15,000 representing the funds in the fourth account, the court concluded that Home Savings could not be held accountable as to that account because of the

fact that it was a joint tenancy account rather than an entireties account. The court entered judgment against Hooe and Ray, as well as Home Savings, in the amount of $27,128.80 representing the funds withdrawn from the three accounts held as "joint tenants with right of survivorship." Relying on *Scott v. Flynn*, 946 S.W.2d 248 (Mo.App. E.D.1997), the court apparently concluded that those three accounts were held by Leonard and Mrs. Allen as tenants by the entireties and, as such, one tenant was not authorized to withdraw the funds and, consequently, Home Savings, as well as Hooe and Ray, was liable for the "change, withdrawal and the ultimate conversion of said funds." Home Savings appeals the judgment against it. Neither Mrs. Allen, through her guardian or conservator, Hooe nor Ray has appealed.

The standard of our review is pursuant to Rule 73.01(c). Accordingly, we are to affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *In re Marriage of Lafferty*, 788 S.W.2d 359, 361 (Mo.App. S.D.1990).

*Scott v. Flynn*, relied on by the trial court, involved an account in the Cass Bank and Trust Company. The account was titled to husband and wife as joint tenants with right of survivorship. The husband was later determined to be incapacitated and a guardian and conservator was appointed for him. The conservator later withdrew the money from the account. Wife's suit against the bank was on the theory that the account was held as tenants by the entireties and the bank breached its agreement by paying the money in the account to the husband's conservator. The court observed that a conservator has no authority to withdraw property held in tenancy by the entirety without the consent of the other tenant, but that funds held in an account owned by joint tenants with right of survivorship may be withdrawn by the guardian on behalf of an incompetent joint tenant without the consent of the other tenant. *Id.* at 250. The court relied on § 362.470.5 [1] providing that any deposit made in the name of two persons or the survivor thereof who are husband and wife shall be considered a tenancy by the entirety unless otherwise specified. *Id.* The court concluded that since the account in question was not titled "joint tenants with right of survivorship and not as tenants by the entirety" or by similar words, it was an entireties account requiring the consent of both tenants to the withdrawal. It said:

> Likewise, in this case, we hold that, absent a specific disclaimer that the account is not being held as tenants by the entirety, an account card signed by husband and wife as joint tenants with right of survivorship must be considered a tenancy by the entirety. Inasmuch as Bank offered no evidence that [the conservator] had Wife's approval to withdraw the funds from the account, it follows that the Bank did not show that it was entitled to judgment ...

*Id.* at 251–52.

In the instant case the trial court apparently entered the judgment against Home Savings based on the perception that the three accounts were held by Mr. and Mrs. Allen as tenants by the entirety because of the presumption contained in § 362.470.5, as applied in *Scott v. Flynn*. It also appears that the reason the trial court did not find Home Savings liable as to the fourth account was because of its conclusion that it was a joint tenancy account based on the language on the account card stating that it was "not as tenants by the entirety." We believe that the court's conclusion as to the three accounts was a misapplication of § 362.470.5 and that the trial court erred in holding Home Savings liable for the amounts contained in those accounts.

1. All statutory references are to RSMo 1994 unless otherwise indicated.

■ Home Savings' first point on this appeal premises error on the fact that the trial court improperly applied § 362.470.5 to this case rather than § 369.174.5. Section 362.470.5, applicable to banks and trust companies, provides:

5. Any deposit made in the name of two persons or the survivor thereof who are husband and wife shall be considered a tenancy by the entirety unless otherwise specified.

Section 369.174, applicable to savings and loan associations, provides, in pertinent part:

1. When an account is opened or maintained in an association in the names of two or more persons, whether minor or adult, as joint tenants or in form to be paid to any of them or the survivor of them and whether or not the names are stated in the conjunctive or the disjunctive or otherwise, the account and all additions thereto shall be the property of such persons as joint tenants. The moneys in the account and all earnings on the account may be paid to any one of such persons during his lifetime or to any one of the survivors of them after the death of any one or more of them.... A person may be added or removed as an owner of an account upon the written direction of any owner of the account upon whose signature withdrawals may be made from the account.... Payment of all or any of the moneys in the account or payment of earnings thereon as provided in this section is a valid and sufficient release and discharge of the association with respect to the moneys so paid prior to receipt by the association of a written notice from any one of the account owners directing

the association not to permit withdrawals or make payments in accordance with the terms of the account or the written instructions....

4. Any account opened in form to be paid to two persons or the survivor thereof who are husband and wife shall be considered a joint tenancy and not a tenancy by the entirety unless specified otherwise.

It is thus apparent that an account opened in a bank in the name of two spouses, or the survivor of them, is considered a tenancy by the entirety unless otherwise specified, but in a savings and loan association, it is considered a joint tenancy and not a tenancy by the entirety unless otherwise specified.

*Scott v. Flynn,* relied on by the trial court, was applying § 362.470.5 because the financial institution involved there was a bank. Here, Home Savings is a savings and loan association subject to the provisions of § 369.174. Accordingly, the three accounts in question here were, by reason of § 369.174.1 and .4, joint tenancy accounts and not entireties accounts, and could be paid to either of the owners.

[3] Respondent does not, in his response to Home Savings first point, contest the scope of the durable power of attorney or Home Savings' authority to rely on it in permitting the transfer of the funds from the three accounts in question here.[2] In fact, the portion of the judgment holding that Home Savings was not liable on the fourth account was necessarily premised on the transfer of those funds from a joint tenancy account by an attorney in fact who was authorized to do so by the durable power of attorney.[3] Respondent did not

---

**2.** The dissent notes that "Respondent also asserts that the power of attorney did not grant authority to change survivorship interests in the principal's property." This contention is one, made in passing, in response to Home Savings' second point on appeal, one which we do not reach because the first point is dispositive. No such contention was made in response to the first point.

**3.** The dissent concludes that a determination of whether the accounts were held as joint tenants with rights of survivorship or as tenants by the entirety is meaningless because the durable power of attorney did not grant authority to change survivorship interests in the principal's property. It is true that the version of § 404.710.6(5) RSMo 1989, in effect in 1992, required that the power to create or change survivorship interests in a princi-

appeal that part of the judgment.[4] Accordingly, we conclude that the trial court erred in holding that the three accounts were held as tenants by the entireties requiring the consent of both owners for withdrawal and in entering judgment against Home Savings for $27,128.80. Because of this result, we do not reach Home Savings' other two points on appeal. The judgment against Home Savings is reversed. Otherwise the judgment is affirmed.

PREWITT, J., dissents and files a separate opinion.

BARNEY, J., concurs.

PREWITT, Judge, dissenting.

I respectfully dissent.

The majority, apparently because Respondent did not appeal, ignore Section 404.710.6(5), RSMo Supp.1989, and the long-standing rule that powers of attorney are to be strictly construed.

Respondent did not appeal and was not required to. He received judgment against all Defendants. If the result was correct, we should affirm regardless of the reasons on which it was based. *Graue v. Missouri Property Ins. Placement Facility*, 847 S.W.2d 779, 782 (Mo. banc 1993). Applying Section 404.710.6(5), as urged by Respondent, the result is correct.

The accounts on which Appellant was found liable were:

> *Account No. 211–001553–0*, opened September 20, 1982 with Leonard Allen and Hazel Allen as joint tenants with right of survivorship;

> *Account No. 211–001695–9*, opened May 6, 1983 with Leonard Allen and Hazel Allen as joint tenants with right of survivorship; and

> *Account No. 211–004758–2*, opened September 13, 1989 with Leonard Allen

---

pal's property be expressly enumerated and authorized in the power of attorney. In the instant case, the durable power of attorney expressly authorized the attorney in fact to "modify" or "terminate" all accounts to which the principal was an authorized signatory, and also to "make withdrawals" from those accounts. Any of those actions would surely change survivorship interests as to an account held jointly with another person as joint tenants with rights of survivorship. Certainly, withdrawing the money from an account would do so. Likewise, such a result could arise from modifying an account. It appears that under the specific powers granted to the attorney in fact here, he could withdraw the money from such an account and deposit it in an account in the name of the principal and himself. *Mercantile Trust Co., N.A. v. Harper*, 622 S.W.2d 345, 350 (Mo.App. E.D.1981), cited by the dissent involved a "general power of attorney" with no specific powers enumerated. In the instant case, the durable power of attorney granted numerous specific powers including those mentioned above, and also granted the power to "do and perform every act necessary to be done in the exercise of any of the foregoing powers as fully as I might or could do if personally present." "Although the general rule is that powers of attorney are strictly construed,'[t]he rule of strict construction ... is not absolute and should not be applied to the extent of destroying the very purpose of the power ... [I]f the language will permit, a construction should be adopted which will carry out, instead of defeat, the purpose of the appointment.'" *Brookfield Prod. Credit Ass'n v. Weisz*, 658 S.W.2d 897, 899–900 (Mo.App. W.D.1983). In *Estate of Linck*, 645 S.W.2d 70, 77 (Mo.App. W.D.1982), it was held that a general grant of power together with specific grants of authority to perform acts relating to personal property and banking was sufficient to authorize the attorney in fact to convert savings and checking accounts into accounts held jointly by the principal and attorney in fact.

4. The dissent argues that Respondent was not required to appeal the portion of the judgment holding that Home Savings had no liability as to the fourth account, noting that he received judgments against all Defendants. While he did receive a judgment against all Defendants, he was denied relief as to Home Savings on the fourth account, a decision that was adverse to Respondent. Section 512.020 permits any "party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not" otherwise prohibited to appeal. Here, the dissent would grant Respondent relief on a theory contrary to an implicit holding of the trial court which decided a part of the case contrary to his contentions, and which he did not appeal.

and Hazel Allen as joint tenants with right of survivorship.

On January 7, 1992, Leonard Allen executed a Durable Power of Attorney appointing Defendants Cheryl Ray and Randy Hooe as his attorneys-in-fact. On January 8, 1992, Cheryl Ray and Randy Hooe presented the Durable Power of Attorney to the Sikeston, Missouri branch of Home Savings of America. Purporting to act under the authority given in the power of attorney, they transferred the following to new accounts at Home Savings of America: $15,001.96 from account number 211–001695–9; $9,999.99 from account number 211–001553–0; $2,387.65 from account number 211–004758–2; and $15,000.00 from account number 211–000950–9. The new accounts were opened in the names of Leonard Allen or Randall Hooe, joint trustees for Cheryl Dawn Ray and Kimberly Johnston. Within approximately one year, each new account was closed and no accounting was presented regarding the use of the funds.[5]

Appellant claims the trial court erred in its determination of the jointly-held accounts as tenancies by the entirety, when application of the proper statute would result in a finding that the accounts were held as joint tenancies with right of survivorship. Appellant asserts it would then not be liable for the withdrawal of the funds from a joint-tenant-with-right-of-survivorship account, pursuant to the release provided by Section 369.174.1, RSMo 1986.

Respondent counters that, under the holding of such cases as *Scott v. Flynn*, 946 S.W.2d 248 (Mo.App.1997), the accounts were not held as joint tenancies with right of survivorship, but as tenancies by the entirety. Respondent also asserts that the power of attorney did not grant authority to change survivorship interests in the principal's property. This later assertion is obviously correct.

The statute in effect in 1992 prohibited a durable power of attorney from being construed as granting the authority to change a survivorship interest in the principal's property unless the action was expressly enumerated and authorized in the document. § 404.710.6(5), RSMo Supp.1989. That Section 404.710.6(5), as it was in 1992, requires affirmance as shown by the legislature's amendment of it in 1997 to allow "general powers" to grant authority to change such accounts as are in issue here. If my conclusion is wrong, why would the legislature make this change?[6]

The Durable Power of Attorney enumerated powers in paragraphs identified (A) through (F). None grants the attorneys-in-fact the right to change a survivorship interest. The paragraph granting the right to act upon the principal's behalf regarding bank accounts states:

> *(B) POWER WITH RESPECT TO BANK ACCOUNTS.* To establish accounts of all kinds for me with financial institutions of any kind; to modify, terminate, make deposits to and write checks on and endorse checks for or make withdrawals from all accounts in my name or with respect to which I am an authorized signatory; to negotiate, endorse or transfer any checks or other instruments with respect to any such accounts; and to contract for any ser-

---

**5.** Although there was a dispute as to the validity of the Durable Power of Attorney and the authenticity of Leonard Allen's signature, this Court need not address this issue. Whether or not the document was valid is irrelevant to this appeal, had the proper result been reached.

**6.** There is authority than an appellate court is to apply the law in effect at the time it renders its decision, unless such application would result in manifest injustice or there exists a statutory directive or legislative history to do otherwise. *State ex rel. Holland Industries, Inc. v. Div. of Transp. of the State of Missouri*, 762 S.W.2d 48, 50–51 (Mo.App.1988). "Manifest injustice" has been defined as occurring when application of the new law impairs a vested right. 5 Am.Jur.2d, § 597. Application of § 404.710, enacted in 1997, may impair Hazel Allen's survivorship interest in the bank accounts.

vices rendered by any financial institution.

Powers of attorney are to be strictly construed. *Mercantile Trust Co., N.A. v. Harper*, 622 S.W.2d 345, 350 (Mo.App. 1981). No language in the Durable Power of Attorney grants the power to change a survivorship interest in any account in which Leonard Allen held an interest. Applying Section 404.710.6(5), and case law strictly construing a power of attorney, this document contains no authority to do so. *See* Robert B. Langworthy, I MISSOURI TRUSTS, POWERS OF ATTORNEY, CUSTODIANSHIPS, AND NONPROBATE MATTERS, § 8.59 (MO. BAR 1998).

If the accounts were found to have been held as tenancies by the entirety, Hazel Allen, as the surviving spouse, would have owned the accounts. *See State ex rel. State Highway Comm'n v. Morganstein*, 649 S.W.2d 485, 488 (Mo.App.1983). If the accounts were found to be held in joint tenancy, upon the death of Leonard Allen, Hazel Allen would have had sole ownership of the accounts. *See Remax of Blue Springs v. Vajda & Co., Inc.*, 708 S.W.2d 804, 806 (Mo.App.1986). In either event, the result upon Leonard Allen's death is the same. Thus, it is not necessary for us to determine whether the accounts at issue were held as joint tenancies or as tenancies by the entirety. Because the attorneys-in-fact did not have the power to change survivorship interests, they did not have the power to withdraw the funds from the bank accounts, regardless of whether they were held as joint tenancies or as tenancies by the entirety.

Appellant asserts that both by the contract language of the depository agreements between the Allens and Appellant, and pursuant to Section 369.174.1, RSMo 1986, payment to one of the Allens is a full release and discharge of Appellant to either of them. There could, however, be no payment to Leonard Allen, or to his attorneys-in-fact in his behalf, unless his attorneys-in-fact had the authority to change the account. No express authority was granted to change survivorship interests, therefore, Defendants Hooe and Ray did not act for Leonard Allen.[7]

The actions of Defendants Hooe and Ray violated Section 404.710.6(5), as they did not have the authority to withdraw or transfer the funds in violation of Hazel Allen's survivorship interests. Hooe and Ray had a fiduciary duty, which they violated by transferring and failing to account for the funds withdrawn from the accounts. The creation of a joint account in the names of the principal and his agent with funds derived entirely from the principal constitutes a breach of the agent's fiduciary duty and the depositary may be liable for a loss from an act inconsistent with the true owner's interest in the property. *See Trenton Trust Co. v. Western Surety Co.*, 599 S.W.2d 481, 489 (Mo.banc 1980); *Mercantile Trust Co.*, 622 S.W.2d at 349. Appellant allowed Defendants Hooe and Ray to exceed the authority granted them by the Durable Power of Attorney. The transfers were not authorized by that document, and Appellant is obligated to Hazel Allen, or her legal successor, for the amount withdrawn from the three accounts in dispute.

Appellant's remaining contention is that the trial court erred in not allowing testimony of an employee of Appellant concerning contact made by her, when Defendants Hooe and Ray presented the Durable Pow-

---

7. Section 404.710.6(5) stated:
No power of attorney, whether durable or not durable, and whether it grants general powers for all subjects and purposes or with respect to express subjects or purposes, shall be construed to grant power or authority to an attorney in fact to carry out any of the following actions unless the actions are expressly

enumerated and authorized in the power of attorney:
. . .
(5) To create or change survivorship interests in the principal's property or in property in which the principal may have an interest;

er of Attorney, with the attorney who prepared the document, in an effort to determine whether the document was genuine. Appellant asserts she was told by the attorney that the document was valid. Appellant contends that this testimony was offered because it was important "in the decision making process of Home Savings of America and was not offered to prove the truth of what was said and was therefore not hearsay," as the court ruled.

The trial court found the document to be valid. Appellant's "decision-making process" cannot change the result if it was wrong in determining, as it apparently did, that Defendant Hooe had the authority to make the transfers and set up the new accounts. The acceptance or rejection of the proposed evidence should not change the result here.[8]

I would affirm.

---

**8.** Such evidence may be relevant in some situations where good or bad faith is relevant, see Trenton Trust Co., 599 S.W.2d at 491–93, but here, good faith or the lack of it is not relevant.