**Courtney ANTRIM, Respondent,**

v.

**Jane A. WOLKEN, Appellant.**

**No. ED 88588.**

Missouri Court of Appeals,
Eastern District,
Division Five.

June 29, 2007.

Gino F. Battisti, St. Louis, MO, for appellant.

Brian A. Bild, St. Louis, MO, for respondent.

## Introduction

PATRICIA L. COHEN, Judge.

Jane Wolken ("Defendant") appeals from a judgment of the Circuit Court of St. Louis County granting summary judgment in favor of Courtney Antrim ("Plaintiff") on his claim for breach of fiduciary duty. Plaintiff cross-appeals the trial court's denial of his Motion for Summary Judgment with respect to attorney's fees. We affirm.

## Statement of Facts and Proceedings Below

Ms. Richards, born in 1907, had two children, Plaintiff and Defendant. On February 11, 2000, Ms. Richards executed a durable power of attorney ("POA") that named Defendant as her attorney-in-fact. In 1998, Ms. Richards began living with Defendant. Under the POA, Defendant had the power to act on Ms. Richards' behalf "with respect to all lawful subjects and purposes to the full extent permitted by the Durable Power of Attorney Law of Missouri." The POA also stated, in pertinent part, that:

> Without in any way limiting the scope of the foregoing general power, I specifically authorize my said attorney in fact:
>
> . . .
>
> (2) To make or revoke a gift of my property in trust or otherwise;
>
> (3) To create or change survivorship interests in my property or in property in which I may have an interest;
>
> (4) To designate or change the designation of beneficiaries to receive any property, benefit or contract right on my death[.]

Ms. Richards solely owned certain assets, including stocks, "a government fund," certificates of deposit and a checking account. Prior to June 2000, Ms. Rich-

ards did not have any transfer-on-death ("TOD") designations with respect to these assets. However, in June and July of 2000, Defendant used the POA to change the title of the assets, valued at $181,000, by naming herself as the TOD beneficiary. On August 4, 2000, Ms. Richards died intestate and no probate estate was opened.

Following Ms. Richard's death, Plaintiff filed a lawsuit alleging, among other things, that Defendant breached her fiduciary duty by naming herself as the TOD beneficiary of Ms. Richards' assets. Thereafter, both parties moved for summary judgment. The trial court granted Plaintiff's motion and denied Defendant's and awarded Plaintiff $90,500. The trial court also denied Plaintiff's request for attorney's fees.

## Standard of Review

Our review of summary judgment is *de novo*. *ITT Comm'l Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We will uphold the grant of summary judgment on appeal if no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. *Id.* at 377. We view the record in the light most favorable to the party against whom judgment was entered, according that party all reasonable inferences that may be drawn from the record. *Id.* at 376.

## Discussion

In her first point on appeal, Defendant argues the trial court erred in granting summary judgment in Plaintiff's favor because Section 404.710.6 does not require that a power of attorney expressly authorize an attorney-in-fact to name herself or

himself as a beneficiary.[1] More specifically, Defendant contends that Section 404.710.6 merely requires that a power of attorney expressly grant an attorney-in-fact the authority to name any beneficiary of a TOD designation on a principal's assets that the principal instructed her to designate.

Section 404.710.6 provides, in pertinent part, as follows:

[S]hall be construed to grant power or authority to an attorney in fact to carry out any of the actions described in this subsection if the actions are expressly enumerated and authorized in the power of attorney. Any power of attorney may grant power of authority to an attorney in fact to carry out any of the following actions if the actions are expressly authorized in the power of attorney:

. . .

(3) To make or revoke a gift of the principal's property in trust or otherwise;

. . .

(5) To create or change survivorship interests in the principal's property or in property in which the principal may have an interest . . . [;]

(6) To designate or change the designation of beneficiaries to receive any property, benefit or contract right on the principal's death[.]

Section 404.710.6.[2]

Pursuant to the POA, Defendant had the authority to: (1) make or revoke gifts; (2) create or change survivorship interests in Ms. Richards' property; and (3) and to designate or change the designation of beneficiaries to receive any property. While the language of the POA mirrors some language contained in Section 404.710.6, the POA does not expressly provide Defendant with the authority to designate *herself* as a TOD beneficiary on Ms. Richards' assets.

Under Section 404.710.6(3) "an attorney in fact is prohibited from making a gift of the principal's property to himself, unless he is expressly authorized to do so in the power of attorney." *Estate of Herbert v. Herbert*, 152 S.W.3d 340, 353 (Mo.App. W.D.2004); *Williams v. Walls*, 964 S.W.2d 839, 848 (Mo.App. S.D.1998); *see also Arambula v. Atwell*, 948 S.W.2d 173 (Mo. App. S.D.1997) (holding that an attorney-in-fact breached his fiduciary duty under a power of attorney when the attorney-in-fact's conveyance to himself constituted a gift, which was not authorized by the power of attorney as required by section 404.710); *In the Estate of Boatright*, 88 S.W.3d 500 (Mo.App. S.D.2002) (holding that absent express written authority from the principal an attorney-in-fact could not make a gift to himself or herself of the sale of the principal's assets by depositing them in an account jointly held by the principal and the attorney-in-fact).

In *Williams v. Walls*, the court held that Section 404.710.6 requires that "whenever an attorney-in-fact makes gifts to himself or herself under the foregoing authority, the enabling clause should be expressly enumerated and authorized." 964 S.W.2d at 848. In *Williams*, the principals exe-

---

1. In her second point, Defendant argues that the trial court erred in denying her motion for summary judgment. Generally, denial of a motion for summary judgment is not reviewable on appeal, unless the merits are intertwined with the propriety of the grant of summary judgment to the other party. *In re THF Chesterfield North Development, L.L.C. v.*

*City of Chesterfield*, 106 S.W.3d 13, 19 (Mo. App. E.D.2003). Here, our decision affirming the trial court's grant of summary judgment in Defendant's favor disposes of Plaintiff's appeal of the trial court's denial of her motion. Point denied.

2. All statutory references are to RSMo.2000.

cuted powers of attorney that authorized their daughter as attorney-in-fact " '[t]o make or revoke gifts or transfers . . . as such attorney may deem appropriate and proper.' " *Id.* The attorney-in-fact then transferred some of the principals' assets to a bank account in her and her husband's name. *Id.* at 847. The court concluded that because the power of attorney did not expressly give the attorney-in-fact the right to make gifts to herself, the attorney-in-fact had violated the fiduciary duty to the principals. *Id.*

In *Estate of Herbert,* the attorney-in-fact used a power of attorney to deposit proceeds from the sale of the principal's property into a joint account that was titled in the names of the principal and the attorney-in-fact. 152 S.W.3d at 343. Although the power of attorney expressly barred the attorney-in-fact from making gifts to himself, the attorney-in-fact argued that the principal's oral representation to make the transfer countermanded the provision in the power of attorney that prohibited the attorney-in-fact from making a gift to himself. *Id.* at 351. Rejecting the attorney-in-fact's position, the court held that "an attorney in fact is prohibited from making a gift of the principal's property to himself, unless he is expressly authorized to do so in the power of attorney." 152 S.W.3d 340, 353 (Mo.App. W.D.2004).

In reaching its conclusion, the Western District relied on the second sentence of Section 407.106—"if the actions are expressly authorized in the power of attor-

ney"—and held that the inclusion of the word "if" reflected the legislature's intent to condition the authority of the attorney-in-fact to gift to himself or herself on a grant of express authority in the power of attorney. The court noted that there is a "[s]trong public policy for doing so" and further explained that "without a limitation on the power of an attorney in fact to make gifts of the principal's property to himself or herself, the potential for abuse would be great." *Id.* In particular, the court reasoned that an attorney-in-fact, if so inclined, could "make an unauthorized gift, based upon claimed oral authorization of the principal, and the only person who could refute the claim would be dead." *Id.*

Defendant urges this court to decline to follow *Williams* and *Estate of Herbert,* because the TOD designations were contingent and uncertain and therefore, do not constitute gifts. More specifically, Defendant asserts that, when she made the TOD designations, she never named herself as the owner or took possession of the assets. Accordingly, Ms. Richards herself could have liquidated the assets, changed the TOD designations or eliminated Defendant as a beneficiary of the TOD designation altogether. In addition, Defendant further contends that in *Estate of Herbert* the power of attorney specifically prohibited the attorney-in-fact from making gifts to himself, where here the POA generally permitted the attorney-in-fact to make gifts, as well as change the designation of survivorship interests and/or beneficiaries to receive property.[3]

---

3. In her reply brief, Plaintiff asserts that, in a later opinion, *Allen ex rel. Dockins v. Hooe,* 11 S.W.3d 831 (Mo.App. S.D.2000) the Southern District "opted not to follow [Williams]." Even a cursory review of *Hooe* persuades otherwise. In *Hooe,* the court considered whether certain bank accounts, allegedly improperly converted by two attorneys-in-fact, as well as a defendant bank, were held by a plaintiff and her deceased husband as tenants by the entireties or as a joint tenancy. The court expressly declined to reach the contention that the "power-of-attorney did not grant authority to change survivorship interests in the principal's property." 11 S.W.3d at 835, fn. 2. The Southern District explicitly reaffirmed the principle articulated in *Williams* in *In the Estate of Boatright,* 88 S.W.3d 500, 509 (Mo.App. S.D.2002) decided subsequent to *Dockins.*

Whether or not the change in the designation of Ms. Richards' assets is properly characterized as a gift, it is clear that Defendant, acting as attorney-in-fact, profited from designating herself as the TOD beneficiary of Ms. Richards' assets. *See Crosby v. Luehrs,* 266 Neb. 827, 669 N.W.2d 635, 645 (2003) ("A fiduciary's acquisition of a right of survivorship in property, even absent a present possessory interest, is generally sufficient to establish that a fiduciary has profited from a transaction. . . .") Thus, the same policy concerns that underlie the requirements for express authorization articulated in *Williams* and *Estate of Herbert* apply to the circumstances present here. Whether making or revoking a gift, creating or changing survivorship interests or designating or charging the designation of beneficiaries, the potential for abuse is high and the difficulty regarding testimony of the principal who has died is equally present. Thus, unless the power of attorney specifically authorizes the attorney-in-fact to engage in self-dealing, we will not imply such authority. *See Bienash v. Moller,* 721 N.W.2d 431, 435 (S.D.2006) (attorneys-in-fact breached their fiduciary duties by changing payable-on-demand designations on the principal's bank accounts); *First Colony Life Ins. Co. v. Gerdes,* 267 Neb. 632, 676 N.W.2d 58, 64 (2004); *Praefke v. Am. Enter. Life Ins. Co.,* 655 N.W.2d 456, 460 (Wis.App.2002).

Here, the power-of-attorney did not specifically authorize the attorney-in-fact to change designations on Ms. Richards' assets to benefit Defendant. Accordingly, the trial court did not err in granting summary judgment in favor of Plaintiff. Point denied.

In his cross-appeal, Plaintiff argues the trial court erred in denying his motion for summary judgment as to attorney's fees. Although Plaintiff acknowledges that litigants ordinarily must bear the expense of their own attorney's fees, Plaintiff nonetheless asserts that, as a matter of law, Section 404.717.5 requires an award of attorney's fees. Section 404.717.5 provides, in pertinent part that:

[a]s between the principal and any attorney in fact or successor, if the attorney in fact or successor undertakes to act, and if in respect to such act, *the attorney in fact or successor acts in bad faith, fraudulently or otherwise dishonestly, or if the attorney in fact or successor intentionally acts after receiving actual notice that the power of attorney has been revoked or terminated,* . . . such attorney in fact or successor shall be liable to the principal or to the principal's successors in interest, or both, for such damages, *together with reasonable attorney's fees* [.]

(Emphasis added).

Plaintiff contends that the "together with reasonable attorney's fees" language of Section 404.717.5 mandates an "unconditional" award of attorney's fees whenever a trial court awards damages. Defendant responds that to support an award of attorney's fees under Section 404.717.5, the plaintiff must present evidence that the defendant acted in bad faith, fraudulently or dishonestly or intentionally acted after receiving notice that the power of attorney had been revoked or terminated.

In construing statutes, we ascertain the legislature's intent from the language used and give effect to that intent. *Bachtel v. Miller County Nursing Home Dist.,* 110 S.W.3d 799, 801 (Mo. banc 2003). We give every word of a legislative enactment meaning. *State ex rel. SSM Health Care v. Neill,* 78 S.W.3d 140, 144 (Mo. banc 2002).

By virtue of Section 404.717.5's express language, a plaintiff must prove that the

attorney-in-fact acted in "bad faith, fraudulently or otherwise dishonestly" or "intentionally acts after receiving actual notice that the power of attorney has been revoked or terminated." To hold otherwise, would disregard the language of the statute. As a matter of law, the trial court did not err in denying Plaintiff's Motion for Summary Judgment with respect to attorney's fees.[4] Point denied.

### Conclusion

The judgment of the trial court is affirmed.

BOOKER T. SHAW, C.J., and
GEORGE W. DRAPER III, J., concur.

---

4. We note that other than contending that the trial court misconstrued Section 404.717.5, Defendant has raised no other basis of trial court error. Accordingly, we decline to address Plaintiff's contention that there is no factual basis in the record for a grant of summary judgment.